**HUBBARD MANUFACTURING CO., INC., Appellant (Defendant Below),**

v.

**Elizabeth GREESON, as Administratrix of the Estate of Donald F. Greeson, Deceased, Appellee (Plaintiff Below).**

No. 68S01–8712–CV–1109.

Supreme Court of Indiana.

Dec. 1, 1987.

Peter G. Tamulonis, Donald L. Dawson, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellant.

C. Warren Holland, Michael W. Holland, Holland & Tabor, Indianapolis, for appellee.

SHEPARD, Chief Justice.

The question is whether an Indiana court should apply Indiana tort law when both parties are residents of Indiana and the injury occurred in Illinois.

Plaintiff Elizabeth Greeson, an Indiana resident, filed a wrongful death action in Indiana against defendant Hubbard Manufacturing Co., Inc., an Indiana corporation. The defendant corporation built lift units for use in cleaning, repairing, and replacing streetlights.

On October 29, 1979, Donald Greeson, plaintiff's husband and also a resident of Indiana, happened to be working in Illinois maintaining street lights. He died that day while using a lift unit manufactured by Hubbard in Indiana.

Elizabeth's Greeson's suit alleged that defective manufacture of Hubbard's lift unit caused her husband's death. When she raised the possibility that Illinois products liability law should be applied to this case, Hubbard moved the trial court for a determination of the applicable law. The trial court found that Indiana had more significant contacts with the litigation but felt constrained to apply Illinois substantive law because the decedent's injury had been sustained there. The Court of Appeals expressed the opinion that Indiana law should apply but concluded that existing precedent required use of Illinois law. *Hubbard Manufacturing Co. v. Greeson* (1986), Ind.App., 487 N.E.2d 825.

We grant transfer to decide whether Indiana or Illinois law applies.

Greeson's complaint alleged two bases for her claim: "the defective and unreasonably dangerous condition of a lift type vehicle sold ... by the defendant" and "the negligence of the defendant." Both theories state a cause for liability based on Hubbard's manufacture of the vehicle in Indiana.

The differences in Indiana law and Illinois law are considerable. First, in Indiana a finding that the product represented an open and obvious danger would preclude recovery on the product liability claim. *Bemis Co., Inc. v. Rubush* (1981), Ind., 427 N.E.2d 1058, *cert. denied* 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (to impress liability on manufacturers the defect must be hidden and not normally observable). Under Illinois law, the trier of fact may find product liability even if the danger is open and obvious. *Derrick v. Yoder Co.*, 88 Ill.App.3d 864, 43 Ill.Dec. 897, 410 N.E. 2d 1030 (1980). Second, under Indiana law misuse would bar recovery. Ind.Code § 33–1–1.5–4(b)(2) (Burns 1987 Supp.). In Illinois misuse merely reduces a plaintiff's award. *Coney v. J.L.G. Industries, Inc.*, 97 Ill.2d 104, 73 Ill.Dec. 337, 454 N.E.2d 197 (1983) (comparative negligence applicable in strict liability). These differences are important enough to affect the outcome of the litigation.

Choosing the applicable substantive law for a given case is a decision made by the courts of the state in which the lawsuit is pending. An early basis for choosing law applicable to events transversing several states was to use the substantive law of the state "where the wrong is committed" regardless of where the plaintiff took his complaint seeking relief. *Baltimore and Ohio Southwestern Railway Co. v. Reed* (1902), 158 Ind. 25, 29, 62 N.E.2d 488, 489.

For contract cases, the choice-of-law rule dictated that the substantive law of the place where the breach took place governed the lawsuit. This Court modified the traditional rule in *W.H. Barber Co. v. Hughes* (1945), 223 Ind. 570, 63 N.E.2d 417. The modified rule allowed the state with the most significant contacts to apply its substantive law even if the breach occurred in another state. "The court will consider all acts of the parties touching the transaction in relation to the several states involved and will apply as the law governing the transaction the law of that state with which the facts are in most intimate contact." *Id.* at 586, 63 N.E.2d at 423. The modified rule provided our courts flexibility when a breach occurred in a state which had insignificant contact with the transaction.

The historical choice-of-law rule for torts, like contracts, was *lex loci delicti commissi*, which applied the substantive law where the tort was committed. *Burns v. Grand Rapids and Indiana Railroad Co.* (1888), 113 Ind. 169, 15 N.E. 230. The tort is said to have been committed in the state where the last event necessary to make an actor liable for the alleged wrong takes place.

Rigid application of the traditional rule to this case, however, would lead to an anomalous result. Had plaintiff Elizabeth Greeson filed suit in any bordering state the only forum which would not have applied the substantive law of Indiana is Indiana. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970) ("most significant contacts" rule best serves the interest of Illinois and the parties in multi-state tort actions); *Fox v. Morrison Motor Freight, Inc.*, 25 Ohio St.2d 193, 267 N.E.2d 405 (1971) (in Ohio *lex loci delicti* will not be automatically applied); *Wessling v. Paris*, 417 S.W.2d 259 (Ky.1967) (Kentucky law applies despite occurrence of accident in Indiana); *Sexton v. Ryder Truck Rental, Inc.*, 413 Mich. 406, 320 N.W.2d 843 (1982) (Michigan law applies when two residents are involved in an accident even if the injury occurred in another state). To avoid this inappropriate result, we look elsewhere for guidance.

Choice-of-law rules are fundamentally judge-made and designed to ensure the appropriate substantive law applies. In a large number of cases, the place of the tort will be significant and the place with the most contacts. *E.g., Lambert v. Yellowbird, Inc.* (1986), Ind.App., 496 N.E.2d 406, 409 n. 2. In such cases, the traditional rule serves well. A court should be allowed to evaluate other factors when the place of the tort is an insignificant contact. In those instances where the place of the tort bears little connection to the legal action, this Court will permit the consideration of other factors such as:

1) the place where the conduct causing the injury occurred;

2) the residence or place of business of the parties; and

3) the place where the relationship is centered.

Restatement (Second) of Conflicts of Laws § 145(2) (1971). These factors should be evaluated according to their relative importance to the particular issues being litigated.

■ The first step in applying this rule in the present case is to consider whether the place of the tort "bears little connection" to this legal action. The last event necessary to make Hubbard liable for the alleged tort took place in Illinois. The decedent was working in Illinois at the time of his death and the vehicle involved in the fatal injuries was in Illinois. The coroner's inquest was held in Illinois, and the decedent's wife and son are receiving benefits under the Illinois Workmen's Compensation Laws. None of these facts relates to the wrongful death action filed against Hubbard. The place of the tort is insignificant to this suit.

After having determined that the place of the tort bears little connection to the legal action, the second step is to apply the additional factors. Applying these factors to this wrongful death action leads us to the same conclusion that the trial court drew: Indiana has the more significant relationship and contacts. The plaintiff's two theories of recovery relate to the manufacture of the lift in Indiana. Both parties are from Indiana; plaintiff Elizabeth Greeson is a resident of Indiana and defendant Hubbard is an Indiana corporation with its principal place of business in Indiana. The relationship between the deceased and Hubbard centered in Indiana. The deceased frequently visited defendant's plant in Indiana to discuss the repair and maintenance of the lift. Indiana law applies.

The Court of Appeals decision is vacated and the cause remanded to the trial court with instructions to apply Indiana law.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.