**BENCOR CORPORATION, Defendant–Appellant,**

v.

**Alfred Gerald HARRIS and Beverly Faye Harris, William Reeves d/b/a Midland Steel Industrial Roofing and Metal Company, Inc., Plaintiffs–Appellees.**

No. 47A01–8811–CV–362.

Court of Appeals of Indiana, First District.

Feb. 22, 1989.

Gary J. Clendening, Harrell, Clendening & Coyne, Bloomington, for defendant-appellant.

Joseph D. O'Connor, III, Bunger, Robertson, Kelley & Steger, Bloomington, for plaintiffs-appellees.

### STATEMENT OF THE CASE

NEAL, Judge.

Defendant–Appellant, Bencor Corporation (Bencor), has perfected its interlocutory appeal from an adverse ruling by the Lawrence Circuit Court in favor of Alfred Gerald Harris (Harris) and his wife, Beverly Faye Harris (Beverly), in a suit for personal injuries and loss of consortium.

We affirm.

### STATEMENT OF THE FACTS

Bencor, a Tennessee corporation with its principal offices in Tennessee, was the general contractor engaged in the construction of a Wal–Mart store in Bedford, Indiana. Industrial Roofing and Metal Company, Inc. (Industrial), also a Tennessee corporation with its principal offices in that state, was the roofing subcontractor for Bencor. The subcontract had been executed in Tennessee and contained a provision stating that it would be governed by the laws of Tennessee. Harris, a resident of Tennessee, was an employee of Industrial and that employment relationship was entered into in Tennessee. While performing roofing work on the Wal–Mart store in Bedford, Harris was injured. He received workmen's compensation benefits from Industrial by virtue of Tennessee compensation laws on account of those injuries. Additionally, he filed suit in the Lawrence Circuit Court alleging that his injuries were the result of the negligence of Bencor and/or William Reeves, d/b/a Midland Steel (Midland), an Indiana entity and steel subcontractor on the project. Because of provisions of Tennessee law, Bencor would be immune from liability, while under

Indiana law it would not. Bencor filed a third party complaint against Industrial.

Harris filed a petition in the trial court requesting a determination of whether Indiana or Tennessee substantive law applied to the action. After a hearing, the trial court determined that Indiana law governed the rights of the parties rather than the laws of Tennessee. The correctness of that ruling is the sole issue on appeal.

## DISCUSSION AND DECISION

Until recently, Indiana followed the *lex loci* rule in determining which substantive law to apply in tort cases where the choice-of-law question arose. Under that doctrine, the tort was said to have been committed in the state where the last event necessary to make the actor liable for the alleged wrong occurred. *Maroon v. State Department of Mental Health* (1980), Ind. App., 411 N.E.2d 404.

The *lex loci* doctrine was modified in *Hubbard Manufacturing Co., Inc. v. Greeson* (1987), Ind., 515 N.E.2d 1071. In that case, a lift manufactured by Hubbard in Indiana was being operated by an Indiana citizen in Illinois where he received injuries because of the alleged malfunction of the lift causing his death. A coroner's inquest was conducted in Illinois and the decedent's dependents received workmen's compensation by virtue of Illinois law. Suit was brought by the personal representative against Hubbard, an Indiana corporation with its principal offices in Indiana, under a product's liability theory in an Indiana court. The court stated:

> Choice-of-law rules are fundamentally judge-made and designed to ensure the appropriate substantive law applies. *In a large number of cases, the place of the tort will be significant and the place with the most contacts. E.g., Lambert v. Yellowbird, Inc.* (1986), Ind. App., 496 N.E.2d 406, 409 n. 2. *In such cases the traditional rule serves well. A court should be allowed to evaluate other factors when the place of the tort is an insignificant contact.* In those instances where the place of the tort bears

little connection to the legal action, this Court will permit the consideration of other factors such as:

> (1) the place where the conduct causing the injury occurred;

> (2) the residence or place of business of the parties; and

> (3) the place where the relationship is centered.

> Restatement (Second) of Conflicts of Laws § 145(2) (1971). These factors should be evaluated according to their relative importance to the particular issues being litigated. (Emphasis added.)

515 N.E.2d at 1073–74.

The court then proceeded to analyze the facts in relation to the above rule:

> The first step in applying this rule in the present case is to consider whether the place of the tort "bears little connection" to this legal action. The last event necessary to make Hubbard liable for the alleged tort took place in Illinois. The decedent was working in Illinois at the time of his death and the vehicle involved in the fatal injuries was in Illinois. The coroner's inquest was held in Illinois, and the decedent's wife and son are receiving benefits under the Illinois Workmen's Compensation Laws. None of these facts relates to the wrongful death action filed against Hubbard. The place of the tort is insignificant to this suit.

After having determined that the place of the tort bears little connection to the legal action, the second step is to apply the additional factors. Applying these factors to this wrongful death action leads us to the same conclusion that the trial court drew: Indiana has the more significant relationship and contacts. The plaintiff's two theories of recovery relate to the manufacture of the lift in Indiana. Both parties are from Indiana; plaintiff Elizabeth Greeson is a resident of Indiana and defendant Hubbard is an Indiana corporation with its principal place of business in Indiana. The relationship between the deceased and Hubbard centered in Indiana. The deceased frequently visited defendant's plant in

Indiana to discuss the repair and maintenance of the lift. Indiana law applies.

The Court of Appeals decision is vacated and the cause remanded to the trial court with instructions to apply Indiana law.

*Id.* at 1074.

We assume that the rule announced in *Hubbard* adopting the most significant contact approach involves judgment of the facts on a case by case basis. We also assume from the court's application of other factors when the place of the tort is determined to be insignificant, that the *lex loci* doctrine retains some vitality.

The *Hubbard* court commenced its application of the most significant contact rule with the statement, "The first step in applying the rule in the present case is to consider whether the place of the tort 'bears little connection' to this legal action." *Id.* It then primarily emphasized that "[t]he plaintiff's two theories of recovery (products liability) relate to the manufacture of the lift in Indiana." *Id.* We read that to mean that the court concluded that causation occurred in Indiana.

In our case, the performance of the construction contract, the direction of the workman, the instrumentality that caused injury, the alleged negligence, and the injury all occurred in Indiana. Also involved are Indiana safety and building codes. Likewise, co-defendant Midland is an Indiana entity. These are not insignificant contacts in this tort action. All of the acts relative to the commission of the tort occurred in Indiana. The mere fact that contractual relations between Bencor and Industrial were entered into in Tennessee, that Harris was receiving workmen's compensation benefits by virtue of the Tennessee compensation scheme, and that the employment relationship between Industrial and Harris was entered into in Tennessee have nothing to do with the tort for it would have made *no difference where* those events occurred. In contrast to *Hubbard,* no causation and no element of the tort occurred in Tennessee. None of the Tennessee contacts affected this legal ac-

tion. We therefore agree with the trial court that Indiana law applies.

For the above reasons, this cause is affirmed.

JUDGMENT AFFIRMED.

ROBERTSON and SULLIVAN, JJ., concur.