Charles **CUTSHALL** and Carolyn L. **Cutshall**, Plaintiffs,

v.

**FORD MOTOR COMPANY**, Defendant.

**No. NA 88–49–C.**

United States District Court,
S.D. Indiana,
New Albany Division.

Aug. 21, 1989.

Ronald Lambring, Seymour, Ind., for plaintiffs.

Kevin L. Scionti and Kenneth T. Roberts, Roberts & Bishop, Indianapolis, Ind., for defendant.

## ENTRY

BARKER, District Judge.

This matter is before the court on the defendant's motion to determine choice of law filed on May 15, 1989. The defendant, Ford Motor Company ("Ford"), filed its memorandum in support of its motion on June 20, 1989. The plaintiffs, Charles Cutshall and Carolyn L. Cutshall, filed their response on June 29, 1989. For the reasons set forth below, the court finds that Missouri law applies to the plaintiffs' claim against the defendant.

### Factual Background

The plaintiff, Charles Cutshall, was a long haul truck driver employed by Stoops Express, Inc. of Anderson, Indiana. On February 19, 1986, Mr. Cutshall was dispatched to the Ford assembly plant located in Claycomo, Missouri, to pick up a load of plastic trays which had been previously loaded by Ford employees and to haul the cargo to GKN Automotive Component, Inc. in Mebane, North Carolina. Mr. Cutshall picked up the cargo at the assembly plant and hauled it to Mebane, North Carolina. While attempting to open the trailer doors after arriving in Mebane, Mr. Cutshall was seriously injured when a few pallets of plastic trays fell on him. The plaintiffs allege that the trays fell because the cargo had not been properly loaded or secured.

Mr. Cutshall was treated in the emergency room at Alamace County Hospital in Burlington, North Carolina, and then taken to Duke University Hospital in Durham, North Carolina, for observation. After being in the hospital at Durham for six days, Mr. Cutshall returned to Indiana and received further treatment.

The plaintiffs filed suit against Ford in the Circuit Court of Scott County, Indiana, and the action was removed to this court on the basis of diversity jurisdiction.

### Discussion

The defendant's motion raises the issue of which law applies to the plaintiffs' negligence based claim. Under Missouri substantive law, the plaintiffs' negligence claim against Ford would be governed by "pure comparative fault" standards. *Gustafson v. Benda*, 661 S.W.2d 11 (Mo.1983). In contrast, North Carolina substantive law requires application of the common law contributory negligence rule. *Williams v. Odell*, 90 N.C.App. 699, 370 S.E.2d 62 (1988). The parties dispute whether North Carolina or Missouri law applies. The defendant asserts that application of North Carolina law is appropriate while the plaintiffs contend that application of Missouri law is proper. To resolve the question of which law applies, the court must first review the proper legal standard for deciding choice of law disputes.

■ It is well settled that in an action based on diversity jurisdiction the court must apply the choice of law rules of the state in which that particular court sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Hager v. National Union Electric Co.*, 854 F.2d 259, 260 (7th Cir.1988); *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 681 (7th Cir.1986), *cert. denied*, 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987). To determine which substantive law applies in tort cases, the Indiana Supreme Court has adopted a two-step analysis. *Hubbard Manufacturing Co. v. Greeson*, 515 N.E.2d 1071 (Ind.1987). First, the court must determine whether the connection between the place of the tort and the legal action is significant. If the connection is indeed significant, the court will apply the law of the place where the tort occurred. No further analysis is necessary. *Id.* at 1073–74. A tort has been committed in the state where the "last event necessary to make an actor liable for the alleged wrong takes place." *Id.* at 1073. *See also Hager*, 854 F.2d at 262.

Applying the first step of the rule to the case at bar, the court must consider whether the place of the tort "bears little connec-

tion" to this legal action. The last event necessary to make Ford liable occurred in North Carolina, where Mr. Cutshall suffered his injuries. In addition, Mr. Cutshall was initially treated for his injuries in North Carolina, where he spent only six days before returning to Indiana to receive the rest of his medical care. North Carolina was also the destination of the cargo and the residence of potential witnesses to the accident or, as the plaintiffs contend, the aftermath of the accident. Finally, North Carolina is the place where the defendant asserts that Mr. Cutshall committed acts that contributed to any injury he may have sustained.[1]

The court finds that these facts are insignificant and bear little relation to the legal action filed against Ford. Although the contention that Mr. Cutshall committed negligent acts in North Carolina does relate to the legal action, the court is given no underlying facts to support such an argument so that it may determine the significance of those facts to the action. Also, the court finds insignificant the facts that North Carolina was the place where Mr. Cutshall received only initial medical care and the location of potential witnesses because such facts are often present in actions involving personal injury. Moreover, the brevity of Mr. Cutshall's stay in North Carolina further lessens the significance of the ties of North Carolina to the plaintiffs' claim. Therefore, the court finds that the place of the tort bears little connection to the legal action and that other factors should be considered under the second step of the choice of law analysis.

■ If the court finds that the place of the tort bears little connection to the legal action, the court must proceed to the second step of the analysis. This involves a consideration of the following factors:

1) the place where the conduct causing the injury occurred;

2) the residence or place of business of the parties; and

3) the place where the relationship is centered.

*Hubbard*, 515 N.E.2d at 1073–74. The court should evaluate these factors according to their relative importance to the specific issues being litigated. *Id.*

■ Applying the factors set out above to the plaintiffs' claim, the court finds that Missouri has the most significant contacts. First, the alleged negligent conduct forming the basis for the plaintiffs' claim occurred in Missouri at the assembly plant where Ford employees allegedly improperly loaded and secured the plastic trays which later fell on Mr. Cutshall. Considering the second factor—residence or place of business of the parties—the court finds that only Missouri and Indiana have significant ties to the parties. Ford is a Delaware corporation that has a place of business in Missouri, *i.e.*, the assembly plant in Claycomo, Missouri. The plaintiffs are Indiana residents. None of the parties alleges any connection of this kind with North Carolina. Finally, the only direct contact between Ford and the plaintiffs occurred in Missouri when Mr. Cutshall picked up the cargo at the assembly plant in Claycomo, Missouri. The relationship between Ford and Mr. Cutshall was through Mr. Cutshall's employer, Stoops Express, Inc., a business located in Indiana. The only connection that North Carolina has to the relationship of the parties is that the destination of the cargo was North Carolina.

Evaluating these facts in light of the factors set forth above, the court finds that Missouri has more significant contacts than

---

1. The defendant fails to specify any facts tending to support its assertion of Mr. Cutshall's contributory negligence. The plaintiffs surmise, however, that the defendant's contentions of contributory negligence involve Mr. Cutshall's conduct when unloading the freight in North Carolina. They state that the defendant has argued that Mr. Cutshall was negligent in attempting to drive the truck and unload the freight after being hit on the head on February 17, 1986, at a rest area near Blue Springs, Missouri. They also state that the defendant has maintained that Mr. Cutshall was negligent in failing to inspect the load of freight at the assembly plant in Claycomo, Missouri, although he had an opportunity to do so before leaving for North Carolina. If, indeed, these contentions form the basis for the defendant's claim of contributory negligence, they relate to both Missouri and North Carolina.

North Carolina to the issues being litigated, despite the fact that some contributory negligent conduct allegedly occurred in North Carolina. Therefore, the substantive law of Missouri applies to the plaintiffs' claim against the defendant.

*Conclusion*

Under Indiana choice of law rules, Missouri has the most significant contacts to the plaintiffs' claim against the defendant. Therefore, Missouri substantive law applies to the plaintiffs' claim against Ford.

It is so ORDERED.