Anthony A. **TOMPKINS**, North Express, Inc. and Northwest Express, Inc., Defendants–Appellants,

v.

Timothy R. **ISBELL** and Rebecca Isbell, Plaintiffs–Appellees.

No. 11A01–8906–CV–215.

Court of Appeals of Indiana, First District.

Sept. 20, 1989.

David W. Sullivan, Carroll D. Smeltzer, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for defendants-appellants.

---

Stephen L. Williams, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for plaintiffs-appellees.

BAKER, Judge.

The issue for our review is the trial court's determination that in this case the tort law of the state of Illinois should apply to a suit involving an automobile collision occurring in Illinois involving Indiana residents.

The parties agree this question is to be decided pursuant to the guidelines set forth by our supreme court in *Hubbard Manufacturing Co., Inc. v. Greeson* (1987), Ind., 515 N.E.2d 1071. Prior to *Hubbard,* Indiana courts followed the traditional tort conflict of law rule of *lex loci delicti* applying the substantive law of the place where the tort was committed. The court in *Hubbard,* however, recognized the anomaly which would exist if it continued to observe the traditional rule in that if the plaintiff in *Hubbard* had filed suit in any state bordering Indiana, the only state not to apply Indiana law would have been in fact, Indiana. *Id.* at 1073. The court joined the growing majority of states which have adopted the most significant contacts rule to determine choice of law questions. Appellants suggest the trial court misapplied the *Hubbard* test. In order to review this contention, we judge the facts on a case by case basis. *Bencor Corp. v. Harris* (1989), Ind.App., 534 N.E.2d 271.

The plaintiff-appellees, Timothy Isbell, and his wife, Rebecca, filed their complaint seeking to recover damages allegedly sustained as a result of a vehicular collision near Robinson, Illinois, not far from the Indiana border. At the time of the collision, Tim resided in Indiana and was returning from his business located in Robinson, which he alleges he had to close as a result of the injuries he sustained in the accident. The defendant-appellant, Anthony Tompkins, was a resident of Kokomo, Indiana, was operating a tractor owned by Northwest Express, Inc., an Indiana corporation, and was pulling a tractor owned by North Express, Inc., also an Indiana corporation. Tompkins had picked up a load of steel in Winamac, Indiana, delivered it to Fayetteville, Arkansas, and proceeded thereafter to Springfield, Missouri to pick up a load to be delivered to Streesboro, Ohio. In route to Ohio, Tompkins intended to stop and spend the night with relatives in Vicksburg, Indiana. On his way to Vicksburg, Tompkins collided with Tim on Highway 1 in Crawford County, Illinois.

Tompkins suggests that the trial court misapplied the *Hubbard* test. We must review this contention by applying the facts to the new standard. In *Hubbard,* Chief Justice Shepard noted:

In a large number of cases, the place of the tort will be significant and the place with the most contacts. *E.g. Lambert v. Yellowbird, Inc.* (1986), Ind.App., 496 N.E.2d 406, 409 n. 2. In such cases, the traditional rule serves well. A court should be allowed to .evaluate other factors when the place of the tort is an insignificant contact. In those instances where the place of the tort bears little connection to the legal action, this Court will permit the consideration of other factors such as:

1. the place where the conduct causing the injury occurred;

2. the residence or place of business of the parties; and

3. the place where the relationship is centered.

These factors should be evaluated according to their relative importance to the particular issue being litigated.

515 N.E.2d at 1073–74 (citation omitted).

Tompkins argues that Indiana substantive law should be applied because it is the place with the most significant contacts as evidenced by the fact that all of the parties are Indiana residents, that Tim was returning to his Indiana residence, and that Tompkins was on his way to visit relatives in Vicksburg, Indiana.

However, it first must be determined whether or not the place of the tort bears little connection to the legal action. *Hubbard, supra.* *Hubbard* emphasized that the last event necessary to make the defendant therein liable, the manufacturer of a product, took place in Indiana and thereafter applied Indiana law. In contrast, the

facts of the case at bar, a vehicular collision case, show that the last act necessary to make the defendant liable took place in Illinois. The parties' conduct in operating their motor vehicles prior to the collision will be the focus of attention to determine liability. This conduct was governed by the rules of the road of the state of Illinois. The trial court correctly determined that in the case at bar, the place of the tort has extensive connection with the legal action, and thus, the doctrine of *lex loci* retains vitality. *See Bencor Corp., supra.*

We hold that the trial court correctly applied the test announced in *Hubbard* determining that Illinois substantive law governs the action.[1]

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.

1. At the time of the collision, the tort law of the state of Illinois applied a pure comparative negligence rule. *Alvis v. Ribar* (1981), 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886. The supreme court of Illinois had adopted the "pure" form of comparative negligence, i.e., the plaintiff's damages are simply reduced by the percentage of fault attributable to him, even if he is more than 50% at fault. Following the date of this occurrence, the Illinois legislature altered this "pure" comparative negligence rule and adopted a contributory fault system similar to that presently in force in Indiana. Ill.Rev.Stat., ch. 110, sec. 2–1116. Indiana, on the date of the occurrence, followed the traditional rule of contributory negligence, i.e., any negligence on the part of the plaintiff proximately causing his own injury barred his recovery totally. In the case at bar, the defendants have denied that they were negligent in any manner and they further contend that the plaintiff's claimed injuries were a result of the plaintiff, Tim Isbell's, own negligence. Should the jury find that the plaintiff was to some extent negligent, such a finding would have dramatic effects under the law of Indiana and Illinois which existed at the time of the collision.