Earl C. THOMAS & Debra Thomas,
Appellants–Plaintiffs,

v.

WHITEFORD NATIONAL LEASE, CIG-
NA (ESIS, a CIGNA Company) and Na-
tional Steel, Appellees–Defendants.

No. 64A03–9105–CV–143.

Court of Appeals of Indiana,
Third District.

Nov. 12, 1991.

Jack G. Willard, Merrillville, for appel-
lants-plaintiffs.

David L. Deboer, Blachly, Tabor, Bozik &
Hartman, Valparaiso, for appellee-defen-
dant Whiteford Nat. Lease.

Eric L. Kirschner, Galvin, Stalmack &
Kirschner, Hammond, for appellees-defen-
dants Cigna and Nat. Steel.

HOFFMAN, Judge.

Appellants-plaintiffs Earl and Debra
Thomas appeal the decision of the trial
court granting summary judgment in favor
of appellees-defendants Whiteford National
Lease, CIGNA, and National Steel.

The facts relevant to the appeal disclose
that on March 17, 1986, Earl Thomas and
Eric Rendell were involved in a vehicular
collision in Detroit, Michigan. Both men
were residents of Indiana and employees of
Fair Labor Leasing, Inc., an Indiana com-
pany. At the time of the collision, both
men were operating 1985 Kenworth trac-
tor-trailer units owned by Whiteford Na-
tional Lease, leased to National Steel, and
insured by CIGNA. The vehicles were reg-
istered in Indiana, and both Thomas and
Rendell were operating the vehicles with
Indiana driver's licenses. Both Thomas
and Rendell applied for and received
Indiana worker's compensation benefits.

On October 21, 1986, Thomas and his
wife Debra filed a complaint for damages
against Rendell, Fair Labor Leasing, Inc.,
and Whiteford National Lease. On March
16, 1987, Thomas and his wife filed an
amended complaint joining National Steel
and CIGNA as defendants. Rendell and
Fair Labor Leasing, Inc. filed a motion for
summary judgment on April 1, 1987, which
the trial court granted on June 17, 1987.
Whiteford National Lease, National Steel,
and CIGNA filed a motion for summary
judgment on April 30, 1990, which the trial
court granted on February 4, 1991. This
appeal ensued.

The Thomases' sole claim on appeal is that the trial court erred in granting summary judgment in favor of Whiteford National Lease, National Steel, and CIGNA. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court must liberally construe all evidence in favor of the non-moving party and resolve any doubt against the moving party. Even if the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences.

Ind.Trial Rule 56(C); *Excel Industries v. Signal Capital Corp.* (1991), Ind.App., 574 N.E.2d 946, 947.

Specifically, the Thomases claim a genuine issue of material fact exists as to whether the substantive law of Indiana or Michigan applies to their case. As both parties note, our Supreme Court adopted a two-step choice-of-law rule in *Hubbard Mfg. Co., Inc. v. Greeson* (1987), Ind., 515 N.E.2d 1071. If the place of the tort has extensive connection with the legal action, the traditional rule of *lex loci delecti* ("the law of the place of the wrong") applies; however, if the place of the tort bears little connection to the legal action, a court may consider other factors such as: (1) the place where the conduct causing the injury occurred; (2) the residence or place of business of the parties; and (3) the place where the relationship is centered. *Id.* at 1073–1074.

In *Hubbard,* our Supreme Court found that Indiana tort law applied to a wrongful death action involving an Indiana resident working in Illinois who died while using a lift unit manufactured by an Indiana corporation. The *Hubbard* court found the place of the tort, Illinois, insignificant to the suit even though the last event necessary to make the defendant-corporation liable for the alleged tort took place in Illinois. *Id.* at 1074. In a case more factually similar to the instant case, *Tompkins v.*

*Isbell* (1989), Ind.App., 543 N.E.2d 680, *trans. denied,* the First District found that Illinois rather than Indiana tort law applied to a negligence action arising from an automobile collision between Indiana residents in Illinois. Relying on *Hubbard,* the *Tompkins* court emphasized that the last act necessary to make the defendant liable took place in Illinois. *Id.* at 682. However, the *Tompkins* court erroneously stated that the last event necessary to make the defendant liable in *Hubbard* took place in Indiana. *Id.* at 681.

Here, the accident occurred in Michigan, but all other factors relating to the Thomases' cause of action concerned Indiana. The two parties involved in the accident, Earl Thomas and Eric Rendell, resided in Indiana and were employees of an Indiana company. They also applied for and received Indiana worker's compensation benefits. Clearly, Indiana has the more significant relationship and contacts with the litigation; therefore, Indiana law applies. The trial court's grant of summary judgment was proper.

Affirmed.

GARRARD and CONOVER, JJ., concur.