**BOYS AND GIRLS CLUBS OF CHICAGO and Anthony Lewis, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 94 C 1675.

United States District Court, N.D. Illinois, Eastern Division.

June 24, 1994.

Thomas J. Andrews and Steven F. Wittman, Johnson & Bell, Ltd., Chicago, IL, for plaintiffs.

Jonathan C. Haile, Asst. U.S. Atty., U.S. Attorney's Office, Chicago, IL, for defendant.

## ORDER

ALESIA, District Judge.

Kenyatta Malone, while on a field trip with plaintiff Boys and Girls Clubs of Chicago to the Indiana Dunes State Park in Porter, Indiana, drowned in the waters of Lake Michigan. Plaintiff Anthony Lewis, an employee of Boys and Girls Clubs, supervised the group. Bonnie Malone, individually and as independent administrator of the estate of Kenyatta Malone, filed suit against Boys and Girls Clubs and Lewis in the Circuit Court of Cook County, Illinois alleging wrongful death and violations of the Illinois Survival Act and of the Illinois Family Expense Act. *See* First Amended Complaint at Law in *Malone v. Anthony Lewis, et al.,* No. 92 L 03572 (Cir.Ct. Cook Cty., filed May 20, 1992) (hereinafter "the state court action"). Subse-

quently, plaintiffs Boys and Girls Clubs and Lewis filed the instant action seeking contribution from the defendant United States in the event they are found liable in the state court action. Plaintiffs allege that defendant United States acted negligently by allowing Kenyatta Malone to enter Lake Michigan via its property (National Lakeshore/Porter County Beach) abutting the Indiana State Park property and by not exercising "ordinary and reasonable care and caution in and about the ownership, operation, management, maintenance and/or control of said premises". Complaint At Law, at 2, ¶ 7. The court has jurisdiction in this case pursuant to 28 U.S.C. § 1346(b).

Before the court is defendant's Motion to Dismiss. The single issue raised is whether or not this action for contribution is barred by Indiana law which does not recognize an action for contribution among joint tortfeasors. *See Elcona Homes Corp. v. McMillan Bloedell, Ltd.*, 475 N.E.2d 713, 715 (Ind.Ct. App.1985). To settle this issue, we must determine which state's law applies to this action for contribution.

We turn first to the Federal Tort Claims Act which grants jurisdiction in this suit against the United States. Pursuant to the FTCA, we have jurisdiction over the United States as a defendant where the "United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred". 28 U.S.C. § 1346(b). The Supreme Court has interpreted this to mean that a District Court must look to the whole law, including the choice of law rules, of the state in which the tortious acts occurred to determine if the United States would be liable. *Richards v. United States*, 369 U.S. 1, 10, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). The alleged tortious acts complained of here occurred in Indiana. (*See generally* Pls' Complaint At Law; *see also* Pls.' Resp. of Def.'s Mot. to Dismiss, at p. 3). As such, we apply Indiana choice of law rules to determine which state's law governs this action for contribution against the United States.

Indiana has, until fairly recently, applied a straightforward *lex loci delicti* analysis to tort choice of law issues. (Def.'s Reply to Pls.' Resp. to its Mot. to Dismiss, at 3 (citing *Gollnick v. Gollnick*, 514 N.E.2d 645, 648 (Ind.Ct.App.1987))). The doctrine of *lex loci delicti* states that the law of the place where the tort occurs governs the action. *Gollnick*, 514 N.E.2d at 648. In 1987, the Indiana Supreme Court modified the *lex loci delicti* analysis in cases where "the place of the tort is an insignificant contact". *Hubbard Manufacturing Co. v. Greeson*, 515 N.E.2d 1071, 1073–74 (Ind.1987). In such cases, admonishes *Greeson*, certain factors should also be considered: "(1) the place where the conduct causing the injury occurred; (2) the residence or place of business of the parties; and (3) the place where the relationship is centered." *Greeson*, 515 N.E.2d at 1073–74.

The first question to be addressed to determine the choice of law under Indiana conflicts rules, therefore, is whether the place of the tort is significant to the acts giving rise to the litigation. *See In re Estate of Bruck*, 632 N.E.2d 745, 747 (Ind.Ct.App.1994). If so, *lex loci delicti* applies strictly. If the place of the tort is only an insignificant contact, we will apply the modified *lex loci delicti* analysis.

The facts of this case indicate that Indiana is a significant contact in relation to the alleged tort. Plaintiffs, Illinois residents, voluntarily and intentionally travelled to Indiana in order to avail themselves of the benefits Indiana had to offer them. Kenyatta Malone drowned after entering into Lake Michigan from a beach in Indiana. The complaint seeks contribution because, inter alia, the United States allegedly failed to "exercise ordinary and reasonable care and caution in and about its premises". Complaint, at p. 4, ¶ 19. The Complaint further enumerates twenty specific "acts or omissions" which allegedly constitute negligence by the United States. Each of these twenty alleged acts or omissions is intrinsically related to the situs of the injury. *See* Complaint, at pp. 5–7, ¶ 20a–t (alleging such acts or omissions as improper placement of signs on defendant's property and dangerous tides and currents of the water abutting its property). The situs of the injury is therefore of fundamental concern to the tort alleged. As such,

Indiana is a significant contact to the alleged wrongs giving rise to this cause of action.

Having determined that Indiana is a significant contact, the court must apply a strict *lex loci delicti* analysis. *Bruck,* 632 N.E.2d at 747; *Greeson,* 515 N.E.2d at 1074. Under *lex loci delicti,* the law of the place where the injury occurred applies. No party disputes that the injury complained of in this case occurred in Indiana. Indiana law, therefore, applies to this case.

Indiana does not recognize a cause of action for contribution among joint tortfeasors. *Elcona,* 475 N.E.2d at 715. As such, this case must be dismissed.

### CONCLUSION

Defendant United States' Motion to Dismiss is granted. This case is dismissed with prejudice.