**Patricia JUDGE, et al., Plaintiffs,**

**v.**

**PILOT OIL CORP., et al., Defendants.**

**No. 2:97–CV–109–RL.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 18, 1998.

Complaint, filed by Defendant, Pilot Oil Corporation, on February 5, 1998. Defendants, Industrial Security Management d/b/a ISM, Inc. and Quentin E. Pops, have adopted the arguments presented in Pilot Oil Corporation's motion. For the reasons set forth below, the motion is **GRANTED,** and the Clerk is **ORDERED** to enter judgment dismissing this case for lack of subject matter jurisdiction.

*BACKGROUND*

In a tragic incident, a bullet from the gun of a security guard, Quentin Pops, killed truck driver David Judge in a truckstop in Gary, Indiana. David Judge's parents have sued the guard, the company that employed the guard (Industrial Security Management), and the company that owned and operated the truckstop (Pilot Oil Corporation). Defendants argue that the case must be dismissed for lack of subject matter jurisdiction, an argument that turns on whether Indiana's substantive law governs the parents' claims.

*DISCUSSION*

When a defendant argues lack of subject matter jurisdiction, the court must accept as true all material allegations of the complaint and construe the complaint in favor of the plaintiff. *Sanner v. Bd. of Trade of City of Chicago,* 62 F.3d 918, 925 (7th Cir.1995). In addition to the complaint, the court may consider any evidence submitted on the issue of subject matter jurisdiction. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995). The plaintiff bears the burden of establishing that jurisdictional requirements are satisfied. *Marina Entertainment Complex, Inc. v. Hammond Port Authority,* 842 F.Supp. 367, 369 (N.D.Ind.1994).

Any subject matter jurisdiction over this case would be diversity jurisdiction. Defendants argue that diversity jurisdiction is lacking because the parents cannot satisfy the $75,000 amount in controversy requirement. 28 U.S.C. § 1332(a). Defendants' challenge, however, does not turn on the extent of the injuries claimed by the parents. Rather, the jurisdictional question turns on whether the substantive law of Indiana or Utah governs the parents' claims. The parties appear to agree that under Indiana law, the parents

Martin W. Kus, Newby, Lewis, Kaminski & Jones, LaPorte, IN, for Plaintiffs.

David Cerven, Kasthryn D. Schmidt, Merrillville, IN, Christopher R. Karsten, Chicago, IL, James Bartlett, James Scott McMahon, Chicago, IL, for Defendants.

**ORDER**

LOZANO, District Judge.

This matter is before the Court on the Motion to Dismiss Plaintiffs' First Amended

certainly cannot recover over $75,000, while under Utah law, they potentially can. This difference springs from the fact that, broadly speaking, Utah allows parents of deceased adult children to recover for emotional injuries, while Indiana does not. *See Estate of Miller v. Hammond,* 691 N.E.2d 1310, 1311–12 (Ind.Ct.App.1998); *Jones v. Carvell,* 641 P.2d 105, 107–08 (Utah 1982).

A federal court hearing a diversity case must apply the substantive law of the state where it sits. *Jean v. Dugan,* 20 F.3d at 255, 260 (7th Cir.1994) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). The court must also apply that state's choice of law rules. *Id.* (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Thus, this Court must look to Indiana's choice of law rules.

Traditionally, Indiana embraced a rule of applying the substantive law of the place where a tort was committed, i.e., the place where "the last event necessary to make an actor liable for the alleged wrong [took] place." *Hubbard Mfg. Co., Inc. v. Greeson,* 515 N.E.2d 1071, 1073 (Ind.1987). In *Hubbard,* the Indiana Supreme Court commented that rigid application of this rule could produce inappropriate results. *Id.* Accordingly, the court laid down the following framework:

> In a large number of cases, the place of the tort will be significant and the place with the most contacts. In such cases, the traditional rule serves well. A court should be allowed to evaluate other factors when the place of the tort is an insignificant contact. In those instances where the place of the tort bears little connection to the legal action, this Court will permit the consideration of other factors such as:
>
> 1) the place where the conduct causing the injury occurred;
>
> 2) the residence or place of business of the parties; and
>
> 3) the place where the relationship is centered.
>
> These factors should be evaluated according to their relative importance to the particular issues being litigated.

*Id.* at 1073–74 (citing Restatement (Second) of Conflicts of Laws § 145(2) (1971)) (other citations omitted).

In *Hubbard,* a decedent was killed in Illinois by a machine manufactured in Indiana. The decedent's wife sued the machine's manufacturer for wrongful death. The *Hubbard* court found that although the last act necessary to create liability, the accident that killed the decedent, occurred in Illinois, that state bore "little connection to the legal action." 515 N.E.2d at 1074. Emphasizing that the machine's alleged negligent manufacture occurred in Indiana, that the wife was a resident of Indiana, that the manufacturer was incorporated in Indiana with its principle place of business there, and that the decedent's relationship with the manufacturer was rooted in Indiana, the *Hubbard* court ruled that Indiana law applied. *Id.* at 1074.

■ Under *Hubbard,* this Court must first determine whether the place of the tort is insignificant. *Id.* at 1073; *Matter of Estate of Bruck,* 632 N.E.2d 745, 747 (Ind.Ct.App. 1994). The place of the tort here is Indiana, because the last act needed to create liability was the shooting of David Judge, which happened at a Gary truckstop. *Hubbard,* 515 N.E.2d at 1073.

To determine whether Indiana is an insignificant contact, the Court should consider what the case is "about." *See id.* at 1074 (concluding that Illinois bore little connection because its being the site of the coroner's inquest and source of worker's compensation benefits did not "relate[ ] to the wrongful death action"). The gravamen of the parents' complaint is that the security guard was negligent in shooting Judge, and that the security company and truckstop owner negligently hired, trained, and supervised the guard. Thus, the alleged negligence of the Defendants is the heart of this case.

Any negligence by the guard happened in Indiana, at the truckstop where the shooting occurred. This weighs in favor of deeming Indiana more than an insignificant contact. The record is silent, however, as to where the guard was hired, trained, and supervised. Defendants claim in their reply brief that he was hired and trained in Indiana, but they supply no evidence of this. The parents'

complaint, evidence, and brief say nothing at all on the subject—perhaps because the most likely answer is that the guard was hired, trained, and supervised in the state where he lived and worked, Indiana.

The parents have the burden of showing that subject matter jurisdiction exists. *Marina Entertainment Complex*, 842 F.Supp. at 369. A natural part of this burden would be providing evidence of the sites of hiring, training, and supervision when those sites are so vital to jurisdiction. Given that it is clear the guard's alleged negligence happened in Indiana, and that the parents have not met their burden of demonstrating where the alleged negligence of the security company and truckstop owner happened, the Court must conclude that Indiana bears more than "little connection to the legal action" and is more than an "insignificant contact." *Hubbard*, 515 N.E.2d at 1073. As such, Indiana law applies. *Id.*

Even if it reached the contrary result, the Court would find subject matter jurisdiction lacking under the rest of the *Hubbard* formula. *Hubbard* directs that if the place of the tort is insignificant, then a court should go on to consider other factors. *Id.*

The first factor mentioned is the place where the injury-causing conduct occurred. *Id.* Here again, we know that the guard's alleged negligence occurred in Indiana, but the parents have not met their burden of showing where the alleged negligence of the other Defendants occurred. The Court must conclude that this factor favors Defendants.

The next factor is the parties' residence or place of business. *Id.* at 1074. Indiana has an edge over Utah here. The guard is an Indiana resident. The security company that employed the guard is an Indiana business. The truck stop is located in Indiana, so Indiana is a place of business for its owner, although the owner is incorporated in Tennessee and has truckstops in several states besides Indiana. David Judge was a resident of Utah. (Although Judge's parents are actually the Plaintiffs here, the Court believes all would agree that Judge should be treated as a "party" for present purposes.) The parents are residents of Florida and Massachusetts respectively. In sheer quan-

tity, then, Indiana arguably has three residence and place of business contacts with the parties to one each for Utah, Florida, and Massachusetts. It should be remembered, however, that Hubbard emphasized "the relative importance of" factors considered "to the particular issues being litigated." 515 N.E.2d at 1074. This weighting approach still suggests the same result as mere contact counting, because Judge's having resided in Utah does not bear much on whether Defendants negligently caused his death in Indiana.

The third factor to consider is the place where the relationship between the parties is centered. *Thornton v. Sea Quest, Inc.*, 999 F.Supp. 1219, 1226 (N.D.Ind.1998). David Judge had no "relationship" with the Defendants in the common sense of the word. Sad misfortune brought Judge and the security guard together at the truck stop in Gary. Nothing in the record suggests that Judge had any prior dealings with the guard, the security company, or the truckstop. The parents stress that the truckstop owner agreed with Judge's employer to supply discounted fuel to the employer's drivers at truckstops around the country. The fuel discount may have created an indirect relationship between the truckstop owner and Judge that prompted him to stop at the particular truckstop where he was shot. Still, the core relationship between the parties arises out of a shooting in Indiana, so this factor ultimately favors Defendants.

Overall, the choice of law issue is brought into sharp focus when one realizes that the only notable contact with Utah is that David Judge resided there. His residency has little to do with the heart of this case: whether the guard acted negligently in an Indiana truckstop, and whether the negligence of the security company and truckstop owner (wherever that negligence occurred) enabled the guard's actions. The parents have stressed that Judge's employer is incorporated in Utah, that Judge's employment as governed by Utah law, and that he was licensed as a truck driver in Utah. The Court sees no prominent place for these factors in the *Hubbard* framework, which focuses on the parties and where they reside, have a place of busi-

ness, and interact in relation to the alleged wrong. 515 N.E.2d at 1073–74.

Aside from arguing the *Hubbard* test, the parents offer a results-oriented rationale for applying Utah law. They suggest that because they can recover substantially more under Utah law, the scales tip in favor of applying that law. They cite a footnote in an Indiana appellate case which at best vaguely supports the notion that in deciding which jurisdiction's law applies, a court may properly consider which jurisdiction provides the most generous recovery for the plaintiff. *Tompkins v. Isbell,* 543 N.E.2d 680, 682 n. 1 (Ind.Ct.App.1989).

In *Hubbard,* however, the Indiana Supreme Court did not recognize any such factor. Indeed, if anything *Hubbard* suggests that a plaintiff's likely recovery is irrelevant. The court noted that Illinois law provided avenues of recovery for the plaintiff that did not exist under Indiana law. Having acknowledged this disparity, the court went on to declare that Indiana law applied without mentioning again the disadvantage that result created for the plaintiff. *Hubbard,* 515 N.E.2d at 1073. This Court believes that if the Indiana Supreme Court had intended the bold step of requiring consideration of where the plaintiff could gain the greater recovery in choosing a source of law, it would have said so. *See Peoples Bank & Trust Co. v. Piper Aircraft Corp.,* 598 F.Supp. 377, 382 (S.D.Fla.1984) ("[D]eciding the choice-of-law issue ... solely on the basis of which state enables a plaintiff to recover more money has no principled basis in law, for it disregards the most important aspect of the 'significant relationship' test: the contact of the states with the events and the parties.")

Nor is the Court swayed by the parents' suggestion that Utah's law should apply here because of that state's interest in full compensation for its residents under its own laws. As is the case with Utah and Indiana, lawmakers of different states often make different policy judgments about how plaintiffs should recover and defendants should be held liable for wrongful acts. *See Piper Aircraft,* 598 F.Supp. at 380. Each state has an interest in having its policies applied to its residents and to conduct that occurs within

its borders. *Id.; Foster v. United States,* 768 F.2d 1278, 1282 (11th Cir.1985); *Wert v. McDonnell Douglas Corp.,* 634 F.Supp. 401, 404 (E.D.Mo.1986). If no party in this case was a resident of or did business in Indiana, and no alleged wrongful conduct occurred here, perhaps the parents would have a stronger point—applying the law of a state with such little connection to a case does not make a lot of sense. *See Foster,* 768 F.2d at 1283 (noting that Florida had no interest in application of its law limiting wrongful death defendants' exposure in a case where no defendant was a Florida resident); *Wert,* 634 F.Supp. at 404 (using a similar rationale). But here the security guard is a resident of Indiana, the security company is an Indiana business, the Gary truckstop is an Indiana place of business for its owner, and the alleged wrongful conduct that we can place in a certain location occurred in Indiana. As such, Utah's policy on the recovery available to parents of adult children does not clearly outweigh Indiana's different policy on the same subject. *Piper Aircraft,* 598 F.Supp. at 381.

The Court concludes that the substantive law of Indiana governs this wrongful death case. The parents of David Judge have suffered one of the most difficult losses experienced by anyone, the loss of a child. While the parents' desire for the greatest possible compensation for that loss is understandable, the law dictates that their recovery must come under Indiana law, which the parents concede does not allow a recovery large enough to support diversity jurisdiction.

*CONCLUSION*

For the foregoing reasons, the Motion to Dismiss Plaintiffs' First Amended Complaint is **GRANTED** and the Clerk is **ORDERED** to enter judgment dismissing this case for lack of subject matter jurisdiction.