In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2025

Charles Land and April Land,

Plaintiffs-Appellants,

v.

Yamaha Motor Corporation, U.S.A.,
and Yamaha Motor Co., LTD.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP00-0220C-HG--David F. Hamilton, Judge.

Argued October 29, 2001--Decided November 29, 2001


   Before Flaum, Chief Judge, and Posner and
Diane P. Wood, Circuit Judges.

   Flaum, Chief Judge.  The district court
granted summary judgment in favor of
defendants Yamaha Motor Corporation,
U.S.A. ("YMUS") and Yamaha Motor Co.,
Ltd. ("YMC"), holding plaintiffs Charles
and April Land's product liability suit
barred by the Indiana Statute of Repose.
For the reasons stated herein, we affirm.

I.  Background

   When appellant Charles Land, an Indiana
resident, attempted to start a Yamaha
WaveRunner Model WR500G on Heritage Lake
in Indiana on June 25, 1998, the vehicle
exploded and caused Land permanent back
injury. Both parties agree that the
WaveRunner was defective in design: it
allowed fuel fumes to accumulate in the
hull of the boat, posing serious risk of
fire upon ignition. The parties also
stipulate that the WaveRunner was in
substantially the same condition on the
day of Land's injury as when it left the
possession of the defendants on July 7,
1987, and was delivered to the initial
user on July 28, 1987. For purposes of
the summary judgment motion, the district
court assumed that the plaintiffs could
prove their product liabil-ity claim on
the merits. That is, it assumed that when
the WaveRunner left the possession and

control of the defendants, it was in a defective condition unreasonably dangerous to anticipated users. Furthermore, it is undisputed that the Lands filed suit on December 23, 1999, and that both the injury and the filing of the suit occurred more than ten years after the WaveRunner was delivered to Wallace Richardson, the first user.

The Indiana Statute of Repose, Ind. Code sec.34-20-3-1(b)(2), provides in relevant part that product liability actions must be commenced within ten years after the delivery of the product to the initial user or consumer.

YMC, a Japanese corporation with its principal place of business in Japan, designed, manufactured, and tested the WaveRunner in Japan. It petitioned for an exemption from the United States Coast Guard's requirement that every vehicle like the WaveRunner have a fan to ventilate fuel fumes out of the hull of the boat. YMUS knew of the test results, and, according to the Lands, gave false information to the Coast Guard as to the known danger of the WaveRunner design in order to keep its exemption from the fan requirement. YMUS, which maintains its principal place of business in California, participated in developing the WaveRunner and imported it to the United States. YMUS, while it has no office in Indiana, is authorized and does business in the state. On July 7, 1987, YMUS sold and shipped the vehicle to a boating store in Kentucky. On July 28, 1987, Wallace Richardson, an Indiana resident, purchased the WaveRunner. Larry Bush, another Indiana resident, subsequently bought the WaveRunner in 1989 or 1990. Bush was the registered owner when the WaveRunner caused Land's injury. From the time of Bush's purchase, the boat was registered, garaged, and serviced in Indiana.

Between 1988 and 1998, 24 other WaveRunners were reported to have exploded. YMUS twice recalled certain models of WaveRunners for modifications to reduce the likelihood of fuel leakage. It never recalled the WR500 series.

II. Discussion

Appellants argue that although they did not commence their action until well over ten years after delivery to the initial

user, their case is not barred because: 1) California law, which includes no statute of repose, governs the action; 2) Even if the Indiana Statute of Repose does apply, the post-sale failure to warn is outside its scope; and 3) The Statute of Repose violates the Indiana Constitution.

We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party. Gordon v. United Airlines, 246 F.3d 878, 885 (7th Cir. 2001). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

A. Choice of Law

A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Jean v. Dugan, 20 F.3d 255, 260 (7th Cir. 1994). The Erie doctrine extends to choice-of-law principles and requires the court to apply the conflicts rules of the forum state. Id. (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941)). Therefore, the district court properly applied the choice-of-law rule of Indiana.

Indiana applies a two-step conflicts analysis. Hubbard Mfg. v. Greeson, 515 N.E.2d 1071, 1073 (Ind. 1987). First, the court must determine if the place where the last event necessary to make the defendant liable--that is, the place of the injury--is insignificant. Id. If it is not, the law of that state applies. Id. Only if the court finds that the place of injury is insignificant does it move to step two which requires the court to consider "other factors such as: 1) the place where the conduct causing the injury occurred; 2) the residence or place of business of the parties; and 3) the place where the relationship is centered." Id. at 1073-74. In the instant case, we, like the district court, arrive at the inevitable conclusion that the place of the injury-- Indiana--is not insignificant. Therefore, we apply Indiana law and need not address the second prong in Indiana's choice-of-law analysis. See Judge v. Pilot Oil Corp., 205 F.3d 335 (7th Cir. 2000).

Charles Land was injured while operating the WaveRunner in Indiana. He was a resident of Indiana, the owner of the boat was a resident of Indiana, and the boat had been garaged and serviced in Indiana for a decade before it caused Land's injury. There is no evidence in the record that the WaveRunner was ever used outside of Indiana. It was not mere fortuity that the injury occurred in Indiana, as the Lands suggest by comparing this choice-of-law determination with those involving pass-through automobile or airplane accidents in which the place of the injury is given little weight, and the argument that Indiana's contacts have little or no relevance to the legal action simply cannot withstand scrutiny. Therefore, our analysis of Indiana choice-of-law policy must end with step one.

The Lands argue that California, where YMUS was incorporated and where the defendant's tortious conduct occurred, has greater relevance. Maybe so./1 This analysis belongs in step two of the Indiana conflicts policy, however, which we cannot reach. Some states use the "most significant relationship" approach suggested by the Restatement (Second) of Conflict of Laws. If Indiana did so, we would skip step one of our analysis and instead "isolate the pertinent issue, examine each state's connection to the occurrence, identify the governmental policies espoused by each state relevant to the issue, and proclaim applicable the law of the state with the superior interest." Jaurequi v. John Deere Co., 986 F.2d 170, 173 (7th Cir. 1993) (internal citations omitted). That case might have a different outcome from the one at hand. Indiana does not adhere to the most significant relationship analysis, however, and the Supreme Court of Indiana has not signaled that it intends to overrule Hubbard. Although Hubbard does note some discomfort with the rigid place of injury, or lex loci delicti, approach, it still adheres to an analysis that uses the place of injury as a baseline. 515 N.E.2d at 1073-74. If the place of injury is not insignificant, we must apply its law regardless of the greater interest another state may have.

The Lands propose an approach whereby the law of the place of the tortious

conduct is controlling in product liability cases. The state of Indiana has given us no indication that it intends to change its choice-of-law policy to reach such a result, and we decline to make that policy decision for it. Indiana's contacts to this case are not insignificant. Therefore, its law, including the Statute of Repose, applies.

B.  Post-Sale Negligence

   The Lands alternately contend that even if Indiana law applies, their case is not barred by the Statute of Repose. They claim, in part, that YMUS and YMC were negligent when they breached their duty to warn customers of the dangerous defect in the WaveRunner that they learned of after the original sale of the boat in question. Because this duty arose after the sale, they argue, that point in time is irrelevant and the Statute of Repose does not apply. The Indiana Products Liability Act clearly states, however, that it governs "all actions that are: 1) brought by a user or consumer; 2) against a manufacturer or seller; and 3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code sec.34-20-1-1. Furthermore, the Supreme Court of Indiana has held that the Statute of Repose cannot be circumvented by claiming that the manufacturer continued its negligence after the initial sale by failing to warn customers of known dangers. Dague v. Piper Aircraft Corp., 418 N.E.2d 207 (Ind. 1981). Similarly, this Court has held that post-sale failure-to-warn claims merge with the underlying product liability claims which are barred, in their entirety, by the Indiana Statute of Repose. Avery v. Mapco Gas Prods., 18 F.3d 448 (7th Cir. 1994). Unless the defect in the product was not present at the time of the initial sale, the Statute of Repose bars all claims brought more than ten years after that sale. See Stump v. Indiana Equip. Co., 601 N.E.2d 398 (Ind. Ct.  App. 1992) (noting that post-sale negligence claims are not barred by the Statute of Repose when no defect was present at the time of the original sale). In this case, the Lands concede that the WaveRunner was in the same defective condition at the time of initial sale as it was at the time of injury. They argue that a separate defect

arose with the failure to warn upon knowledge of risk--a defect that was not present at the time of the sale--and therefore falls into the Stump exception to the Statute of Repose. This argument fails, however. If the product's underlying defect was present at the time of the initial sale, as the WaveRunner's was, the post-sale duty to warn claim does not circumvent the Statute of Repose.

C. Constitutionality of the Statute of Repose

Lastly, the Lands argue that even if Indiana law applies and the Statute of Repose would bar their claim in its entirety, the statute violates Article I, sec.sec. 12 and 23 of the Indiana Constitution. Section 23 states that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Section 12 provides for "remedy by due course of law" for injuries to "person, property, or reputation." Although several other states have held that their statutes of repose for product liability cases violate their own state constitutions by potentially extinguishing the right to remedy before that right arises, Indiana has expressly (and recently) held that the Statute of Repose contained in the Indiana Products Liability Act does not violate Article I, sec.12 or sec.23 of the state Constitution. McIntosh v. Melroe Co., 729 N.E.2d 972, 973 (Ind. 2000) (The Statute of Repose is "a permissible legislative decision to limit the liability of manufacturers of goods over ten years old and does not violate either constitutional guarantee."). We are bound by this decision.

III. Conclusion

Because Indiana law governs this case and because the Indiana Statute of Repose bars product liability actions that, like this one, are brought more than ten years after delivery of the product to the initial user or consumer, we find that the district court properly granted summary judgment in favor of the defendants. We AFFIRM.

FOOTNOTE

/1 However, the design, manufacture, and testing of the WaveRunner largely took place in Japan, not California, the parties had no relationship based in California, and only one of the three parties "resides" in California. It is far from clear that, even if Indiana bore little relationship to the action, California law would be deemed most significant under the second step of Hubbard.