DOHM & NELKE, A DIVISION OF CASHIN SYSTEMS CORP., Appellant (Defendant and Third–Party Plaintiff Below),

v.

WILSON FOODS CORPORATION, Appellee (Third–Party Defendant Below).

No. 08A02–8707–CV–280.

Court of Appeals of Indiana, Third District.

Dec. 14, 1988.

Edward W. Harris, III, Eric R. Johnson, Michael C. Terrell, Sommer & Barnard, Indianapolis, for appellant.

John Scott Langan, Sr., Davis Davis & Langan, Indianapolis, for appellee.

GARRARD, Presiding Judge.

Gregory Conwell (the employee) was injured while operating a bacon press in the course and scope of his employment with Wilson Foods Corporation (the purchaser-employer). The press was manufactured and sold by Cashin Systems Corp. and its subsidiary Dohm & Nelke (the manufacturer). The employee recovered workmen's compensation from the purchaser-employer and then brought suit against the manufacturer alleging negligence, strict liability and breach of warranty. The manufacturer filed a third party claim against the purchaser-employer seeking indemnification based upon an indemnity provision in the contract for the sale of the press. Subsequently, all claims were settled except this indemnification claim.

On motion with supporting materials the trial court granted summary judgment in favor of the purchaser-employer and against the manufacturer. This appeal followed.

The provision in the sale agreement provided:

17. The Purchaser shall indemnify and hold harmless the Seller against all loss or liability arising out of the installation, operation, or maintenance of said equipment, whether or not due to the carelessness, negligence or improper conduct of the Purchaser or its employees, agents, licensees, or visitors, and the Purchaser, if requested, shall furnish the Seller with a certificate showing that the insurance covering said liability in an amount satisfactory to the Seller, has been obtained.

In addition section 8 of the agreement stated:

8. The Purchaser agrees to exercise due care in the use of said equipment and to maintain and make repairs to the equipment at its own expense....

The trial court construed the contract under Indiana law. The first assignment urges that this was error and that the contract should have been construed under New York law.

In support of this proposition the manufacturer points out the following: The contract contained no choice of law provision. The manufacturer's headquarters is in New York; the purchaser's is in Oklahoma. The contract terms were negotiated by representatives of the manufacturer in New York and the contract was signed there by its representatives. (Similarly, the purchaser's representatives negotiated and signed in Oklahoma.) Payments were to be sent to the manufacturer's office in New York.

The purchaser-employer responds that even though its principal location is in Oklahoma, its place of business recited in the contract was Logansport, Indiana, where the press was to be shipped and used. The contract specified the machine was to be used in Indiana; the manufacturer would provide experienced servicemen to supervise installation in Indiana and instruct the purchaser's employees in proper operation and servicing; the manufacturer was to have free access to the Indiana location to inspect, observe, and make alterations and improvements; all notices to the purchaser under the contract were to be sent to the Indiana address; and the machine could not be removed from Indiana without the manufacturer's permission. Of course, the machine was, in fact, installed and operated in Indiana and that is where the injury giving rise to the general litigation occurred.

■ Indiana's choice of law rule for actions on contract calls for applying the law of the forum with the most intimate contacts to the facts. *W.H. Barber Co. v. Hughes* (1945), 223 Ind. 570, 63 N.E.2d 417, 423. As the court explained in *Eby v. York–Division, Borg–Warner* (1983), Ind. App., 455 N.E.2d 623, 626, this has been amplified by an enumeration of several representative factors to be considered, including the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the place of business of the parties.[1]

---

1. The *Eby* court cited with approval the Restatement (Second) of Conflict of Laws, § 188 (1971).

■ Here it appears the final act of acceptance occurred in New York, which was the manufacturer's home office. Yet negotiations and agreement by the purchaser occurred in Oklahoma, its principal office, and the machine was actually shipped from the subsidiary's office in Missouri. On the other hand, the subject matter of the contract, the press, was located in Indiana and substantial performance by both parties of requirements of the contract was to occur here. Moreover, the facts giving rise to the indemnity claim related to the condition or operation of the machine in Indiana. The trial court did not err in concluding that Indiana law should apply as the most intimate contacts involved Indiana.

■ Applying Indiana law, the trial court concluded that the indemnification provision was not sufficiently explicit to require the purchaser-employer to indemnify the manufacturer for liability arising from defects occurring from the manufacturer's own negligence or defective manufacture.

We agree. While provisions for indemnification against one's own negligence do not violate public policy, in order to provide such indemnification rights the contract language must express that intent in clear and unequivocal language. *Sink & Edwards, Inc. v. Huber, Hunt & Nichols* (1984), Ind.App., 458 N.E.2d 291; *Center Twp. of Porter Co. v. City of Valparaiso* (1981), Ind.App., 420 N.E.2d 1272; *Indiana State Hwy. Comm. v. Thomas* (1976), 169 Ind.App. 13, 346 N.E.2d 252. In a well reasoned opinion the Second District in *Maxon Corp. v. Tyler Pipe Industries, Inc.* (1986), Ind.App., 497 N.E.2d 570, 578–79 concluded the same rule should apply where claim was based upon the promisee-manufacturer's alleged strict liability in tort. We agree with *Maxon* and adopt its application of the rule of explicitness to indemnification provisions in strict liability claims.

The manufacturer then asserts that even with the rule of explicitness applying, it was entitled to proceed against the purchaser-employer for indemnification.

■ First, it asserts that even if the indemnification clause does not cover its own negligence or strict liability, it could apply to the claimed breach of warranty. The answer to this assertion is that the breach of warranty claim for personal injuries is merely a restatement of the strict liability claim. No separate breach of warranty action exists, so neither does a separate ground for indemnification. *See Corbin v. Coleco Industries, Inc.* (7th Cir. 1984), 748 F.2d 411; *Thiele v. Faygo Bev. Inc.* (1986), Ind.App., 489 N.E.2d 562.

Secondly, the manufacturer asserts "[i]t is entirely possible that at trial it would be established that [manufacturer] had no culpability whatsoever and/or that, as [manufacturer] asserted, Conwell's injuries arose from the negligence of [purchaser-employer]."

While this contention avoids the problem of explicitness, it proves too much. If the injury to Conwell arose from the fault of the purchaser-employer, then the manufacturer would not be liable at all and would have no right to indemnity. *Coca–Cola Bottling Co.–Goshen v. Vendo Co.* (1983), Ind.App., 455 N.E.2d 370; *Vernon Fire & Casualty Ins. Co. v. Graham* (1975), 166 Ind.App. 509, 336 N.E.2d 829.

It follows that the trial court also did not err in releasing the escrow fund being held because of Wilson's workmen's compensation lien.

The judgment is affirmed.

STATON and NEAL, JJ., concur.