Merle BILLINGSLEY,
Appellant–Plaintiff,

v.

William BROWN, Appellee–Defendant.

No. 23A01–9010–CV–405.

Court of Appeals of Indiana,
First District.

April 10, 1991.

Rehearing Denied May 17, 1991.

James R. Bunch, Wallace, Campbell, Bunch, Shambach, Rennick & Orr, Covington, for appellant-plaintiff.

Patricia Polis McCrory, Michael V. Gooch, Harrison & Moberly, Indianapolis, for appellee-defendant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Merle Billingsley appeals the summary judgment in favor of William Brown, denying Billingsley any recovery for his injury. We affirm.

## ISSUE

Whether the trial court erred in applying premises liability law and granting summary judgment in favor of Brown.

## FACTS

Billingsley and Brown were good friends for over thirty years. During the years, they had assisted one another with home projects. In 1988, Brown decided to add a decorative lattice around the base of a shed. On August 25, Billingsley arrived at Brown's home to help with the lattice. Brown recently had undergone eye surgery, so Billingsley measured and cut the lattice panels to fit around the shed. While cutting the third panel, the saw jammed, kicked out of the wood, and severely cut Billingsley's left thumb.

Billingsley filed suit against Brown seeking damages for his injury. After the depositions were published, Brown moved for summary judgment. The trial court granted Brown summary judgment, concluding Billingsley was a social guest and licensee at Brown's home when Billingsley was injured, and Brown had not acted willfully or wantonly to cause the injury.

## DISCUSSION AND DECISION

Billingsley contends the court erred in granting summary judgment to Brown be-

cause the court erroneously applied premises liability law. We note the trial court inappropriately entered findings with its summary judgment by which we are not bound. *Celina Mutual Insurance Co. v. Forister* (1982), Ind.App., 438 N.E.2d 1007, 1012, n. 4. Our standard of review is the same as the trial court's. We may affirm summary judgment only when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial R. 56(C); *Mauller v. City of Columbus* (1990), Ind.App., 552 N.E.2d 500, 502, *trans. denied*. We consider the contents of the pleadings, affidavits, answers to interrogatories, responses to requests for admissions, and depositions in a light most favorable to Billingsley. *See Progressive Constr. and Eng'g Co. v. Indiana and Michigan Electric Co.* (1989), Ind.App., 533 N.E.2d 1279, 1282.

The trial court held that Billingsley was a social guest and licensee at Brown's home. Therefore, Brown only owed the duty to refrain from willfully and wantonly causing harm to Billingsley. The court's conclusion that Billingsley was a licensee reflects that the court applied premises liability law.

■ We find premises liability law, which concerns the liability of a landowner for injuries caused by defects in the condition of his land, does not apply to these circumstances. *See Martin v. Shea* (1984), Ind., 463 N.E.2d 1092, 1094. Neither does this case fall into the category of dangerous activities on the premises as discussed in *Martin. Id.* at 1094–95. In dangerous activities cases, the injuries have resulted from defects in the condition of the premises while activities were being performed by the injured. *E.g., Martin,* 463 N.E.2d 1092 (fall into pool while horseplaying); *Ferguson v. Modern Farm Systems, Inc.* (1990), Ind.App., 555 N.E.2d 1379, *trans. denied* (fall from grain bin ladder when climbing to fix bin); *Burrell v. Meads* (1989), Ind.App., 540 N.E.2d 115, *trans. pending* (fall while installing drop ceiling); *Swanson v. Shroat* (1976), 169 Ind.App. 80, 345 N.E.2d 872 (fall while playing on tree); *Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876, *trans.*

*denied* (fall while carrying a tray of food down steps). Billingsley was injured by a saw he was using, not by any defect in the condition of the premises.

■ We hold the court erroneously applied such law to this case and erred in applying a willful or wanton misconduct standard of care. However, we will affirm summary judgment if it is sustainable on any theory in the record. *Maroney v. Fraternal Order of Police* (1989), Ind.App., 546 N.E.2d 99, 100, *trans. denied*. In order to recover for negligence, Billingsley must show Brown breached a duty owed to him that proximately caused Billingsley's injuries. *See Estate of Ogden v. Decatur County Hospital* (1987), Ind.App., 509 N.E.2d 901, 902, *trans. denied*. Absent a duty, no actionable negligence arises. *Robinson v. Kinnick* (1989), Ind.App., 548 N.E.2d 1167, 1168, *trans. denied*. Billingsley fails to establish Brown owed any duty to him under the circumstances.

Furthermore, even if Brown owed a duty of reasonable care to Billingsley, Brown has not been negligent. During his deposition, Billingsley explained how the accident occurred. Billingsley stated, "The piece of lattice flew off and stuck in the drill and it just kicked it over", and "... a little piece got up in there and stuck the guard open, and when it kicked, it just kicked it right out and hit my hand before I could move." Record at 46. Billingsley does not allege the saw was defective. He merely contends Brown failed to warn him of the saw's age, its condition, and a previous instance of jamming. However, Billingsley admitted during his deposition that he noticed the saw was old and that Brown told him the saw guard had stuck once. No breach has been shown.

We find no evidence of a duty owed or breached by Brown; thus, the trial court properly granted Brown's motion for summary judgment.

Affirmed.

BAKER and GARRARD, JJ., concur.