Ava **PENNINGTON, Frenchie Pennington, Williams Food Service, Inc., Continental Insurance Company and Steven Wible, Appellants–Defendants,**

v.

**AMERICAN FAMILY INSURANCE GROUP, Appellee–Plaintiff.**

No. 10A01–9302–CV–54.

Court of Appeals of Indiana,
First District.

July 28, 1993.

Larry O. Wilder, Jeffersonville, for appellants-defendants.

Pamela K. Thompson, Jeffersonville, Thomas J. McKeon, Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

This is an appeal from a grant of summary judgment in favor of American Family Insurance Group ("American Family") and against Ava Pennington ("Pennington") in a declaratory judgment action to determine whether Indiana law applied to underinsured motorist coverage in two American Family automobile policies issued to Pennington ("Policies"). Pennington, an Indiana resident, demanded payment of her policy limits from American Family after she sustained personal injuries in an automobile accident which occurred in Kentucky. She maintained that Kentucky law applied to her claim and allowed stacking of her underinsured coverages under the Policies.

We affirm.

## ISSUES

We restate and consolidate the issues presented as:

1. Whether an out-of-state insurance clause in the liability portion of the Policies applies to Pennington's claim for underinsured motorist coverage under the Policies.

2. Whether, under Indiana's choice-of-law rule for contracts, Indiana or Kentucky law applies to Pennington's claim.

## FACTS

Pennington sustained personal injuries in an automobile accident in Louisville, Kentucky, while driving her employer's delivery truck. Pennington subsequently recovered $50,000.00 from the other driver's insurer and $60,000.00 from her employer's insurer. Pennington asserted that Kentucky law applied to her claim and allowed her to stack her coverage under the underinsured motorist provisions of her Policies

1. Pennington's pleading was denominated as a "counter complaint," but there is no such plead-

with American Family. Thus, she demanded recovery of an additional $50,000.00 from American Family.

American Family filed a declaratory judgment action against Pennington, and named her husband, her employer, her employer's insurer, and the other driver as defendants. American Family sought a determination that Indiana law applied to deny Pennington coverage under both the anti-stacking and set-off provisions in its Policies. Pennington then filed a counterclaim seeking a determination that Kentucky law applied and permitted her to stack her underinsured motorist coverage under the Policies.[1]

American Family moved for summary judgment, the trial court granted the motion and entered judgment for American Family, and Pennington appeals from that judgment. We will state additional facts as needed.

## DISCUSSION AND DECISION

### Standard of Review

The trial court entered findings of fact and conclusions of law in its judgment granting American Family's motion for summary judgment. We are not bound by those findings and conclusions, but in our review we make the same inquiry as the trial court. *Billingsly v. Brown* (1991), Ind.App., 569 N.E.2d 687, 688. We may affirm a summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Ind.Trial Rule 56(C). We only consider the evidentiary matter designated by the parties to the trial court, and all facts and inferences from that evidence must be liberally construed in a light most favorable to the non-moving party. *Id.*

Summary judgment based upon construction of an insurance contract is a determination, as a matter of law, that the contract is unambiguous and that it is un-

ing under Trial Rule 7(A).

necessary to resort to the rules of contract construction in order to ascertain the contract's meaning. *Meridian Mutual Insurance Co. v. Cox* (1989), Ind.App., 541 N.E.2d 959, 961, *trans. denied.* An unambiguous policy must be enforced according to its terms, even those terms which limit the insurer's liability. *Trisler v. Indiana Insurance Co.* (1991), Ind.App., 575 N.E.2d 1021, 1023. A mere disagreement between the parties to the insurance contract over the meaning of the contract does not establish an ambiguity. *Cox,* 541 N.E.2d at 961. The provisions of an insurance contract are subject to the same rules of construction as are other contracts, and the construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Id.; Trisler,* 575 N.E.2d at 1023.

### *Issue One: Contract Construction*

Pennington asserts that because her accident occurred in Kentucky, Kentucky law applies to her claim for coverage under the underinsured motorists coverage endorsement to the Policies.[2] She relies specifically upon the following clause in the Policies:

"OUT OF STATE INSURANCE

This policy conforms to any motor vehicle insurance law to which an insured person becomes subject by using a car in any state. But, any broader coverage so afforded shall be reduced to the extent that other auto liability insurance applies. No person may, in any event, collect more than once for the same elements of loss."

Record at 13. Pennington claims that this clause, which is set out in a section of the Policies denominated "Part I—Liability," applies to the entire contract, including the underinsured motorists coverage provisions. She argues alternatively that the

application of this clause to the Policies' underinsured coverage is ambiguous and that any ambiguity should be construed in her favor.

American Family responds that the out-of-state insurance clause is unambiguous, and under established rules of contract construction, the clause only applies to the liability coverage portion of the Policies, not the underinsurance coverage endorsement. We conclude that the out-of-state insurance clause only applies to liability coverage under the Policies and not to Pennington's underinsured motorists coverage.

■ In determining whether a contract is ambiguous, we may not consider individual clauses without reference to the whole instrument. *100 Center Development Co. v. Hacienda Mexican Restaurant, Inc.* (1989), Ind.App., 546 N.E.2d 1256, 1258. Even when an ambiguity is apparent, the instrument is not considered ambiguous until the four corners of the instrument have been searched to determine if the parties' intent can be ascertained. *Id.* We must strive to harmonize all of a contract's provisions and not concentrate upon some clause or language taken out of context. *Keystone Square Shopping Center Co. v. Marsh Supermarkets, Inc.* (1984), Ind.App., 459 N.E.2d 420, 422–24, *trans. denied.*

■ Here, in its proper context, the out-of-state insurance clause contained in "Part I—Liability" applies only to liability coverage under the Policies. That conclusion is supported by reference to the overall structure of the Policies. The Policies are comprised of Parts I through VI and an Underinsured Motorists (UIM) Coverage Endorsement. All six Parts of the Policies contain subsections, and several subsections are common to nearly every part, such as subsections concerning exclusions,

---

2. Pennington contends she would benefit from the application of Kentucky law which permits "stacking" of underinsured motorist coverage. While we are aware that Kentucky law permits stacking of uninsured motorist coverage, we find no authority and express no opinion whether Kentucky law allows stacking of underinsured coverage. *See Hamilton v. Allstate Insurance Co.* (1990), Ky., 789 S.W.2d 751, 754.

However, Pennington cannot stack her underinsured motorist coverage under the Policies because the Policies contain anti-stacking provisions which are enforceable under Indiana law. *See American Economy Insurance Co. v. Motorists Mutual Insurance Co.* (1992), Ind.App., 593 N.E.2d 1242, 1245, *modified on other grounds* (1993), Ind., 605 N.E.2d 162.

limits of liability, and other insurance. Notably, Part I is the only section of the Policies containing the out-of-state insurance clause. "Section VI—General Provisions," which presumably contains provisions applying to the entire contract, likewise does not provide for the application of out-of-state insurance law. To construe the out-of-state insurance clause in the manner urged by Pennington would place undue emphasis on the individual provision without considering its location in the Policies.

We have no authority to make a new contract for the parties, and where the terms are clear, we merely apply those terms. *Scott v. Anderson Newspapers, Inc.* (1985), Ind.App., 477 N.E.2d 553, 559, *trans. denied.; Wabash Ford Truck Sales v. Ford Motor Co.* (1984), Ind.App., 472 N.E.2d 611, 614, *trans. denied.* Applying the clear terms of the Policies, we conclude as a matter of law that the out-of-state insurance clause contained in the liability portion of the Policies only applies to liability coverage. Thus, that clause does not apply to Pennington's underinsured motorists coverage. Pennington cannot utilize the out-of-state insurance clause to invoke Kentucky law for her underinsured motorists coverage claim.

### Issue Two: Choice of Law

We next consider under choice-of-law analysis which law applies to the Policies, specifically the underinsured coverage provisions at issue. American Family contends that Indiana law applies to interpret the Policies because Indiana has the most intimate contacts with the case. We agree and conclude that Indiana law controls.

▮ The law of the forum having the most intimate contacts with the facts determines which law governs an action on a contract. *Dohm & Nelke v. Wilson Foods Corp.* (1988), Ind.App., 531 N.E.2d 512, 513. The determination of which state law applies is aided by consideration of several factors: the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the parties' place of business. *Id.* In conflict of law cases involving the interpretation of insurance contracts, the law of the state where the contract is executed controls. *See Travelers Insurance Co. v. Eviston* (1941), 110 Ind.App. 143, 152, 37 N.E.2d 310, 313. An insurance contract is executed in the state where application is made, the premium is paid and the policy is delivered. *Id.*

▮ The designated evidentiary matter shows that American Family is a Wisconsin corporation licensed to conduct business in Indiana. Pennington is an Indiana resident. Pennington purchased the Policies from an American Family licensed resident agent in Indiana. The Policies were executed in Indiana. The only contact with Kentucky is the fact that Pennington's accident occurred there. We find that Indiana has the most intimate contacts with this action and that Indiana law applies to Pennington's claim for underinsured motorist coverage under the Policies.

### CONCLUSION

The material facts are not in dispute, and under both contract interpretation and Indiana's choice-of-law rule for contracts, Indiana law applies to the Policies. The trial court properly granted American Family's motion for summary judgment.

The judgment in all respects is affirmed.

ROBERTSON and STATON, JJ., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal on July 28, 1993 marked "Memorandum Decision, Not for Publication"; and

The appellee, by counsel, having thereafter filed its Motion to Publish Opinion, and this Court having thereafter issued its Order requiring the appellants to show cause, if any there be, why the opinion of the Court in this case should not be published and the appellants having failed to show cause, the Court now finds that the appellee's Motion to Publish Opinion should be granted and this Court's opinion heretofore

handed down as Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED that appellee's Motion to Publish Opinion is granted and this Court's opinion heretofore handed down marked "Memorandum Decision, Not for Publication" on July 28, 1993, is now ordered published;

IT IS FURTHER ORDERED that the Clerk of this Court is directed to send copies of said opinion together with copies of this Order to the West Publishing Company and to all other companies, services, and individuals to whom published opinions are normally sent;

IT IS FURTHER ORDERED that West Publishing Company is directed to delete any reference to Memorandum Decision, Not for Publication which may appear on the face of the opinion prior to publishing said opinion.

ORDERED this 20th day of December, 1993.