**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Plaintiff,

v.

**Dorothy M. WILLIAMS and Antonya M. Williams, Defendants.**

No. IP 92 1673 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 19, 1993.

John W. Hammel, Yarling Robinson Hammel & Lamb, Indianapolis, IN, for plaintiff.

Gerald J. Sufleta, Indianapolis, IN, for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

McKINNEY, District Judge.

The plaintiff, American Family Mutual Insurance Company ("American"), has moved for summary judgment. The parties have filed their briefs and the issues are ready to be resolved. For the reasons discussed below, this Court GRANTS American's motion for summary judgment.

### I. FACTUAL & PROCEDURAL BACKGROUND

The parties do not dispute the facts. In December 1991, the defendants, Antonya M. Williams ("Antonya") and Dorothy M. Williams ("Dorothy") were married and residing in the same household in Indianapolis. On December 19, 1991, Antonya was driving a 1990 Chevrolet van on Interstate Highway 70, in Kansas. Dorothy and others were riding in the van as passengers. Near Goodland, Kansas, Antonya lost control of the van on a bridge and struck a guard rail, causing the van to roll two or three times. Dorothy was injured in the accident and has suffered medical expenses, pain, and suffering.

American is a Wisconsin corporation with its principal place of business in Madison, Wisconsin. American issued an automobile insurance policy for the van to Dorothy for the period October 21, 1991 to April 21, 1992 (the "Policy"). Dorothy claims that the Policy covers her injuries arising from the accident. On December 2, 1992, American formally denied Dorothy's claim under the Policy. According to American, Dorothy's claim was excluded by a provision in the Policy which provides that bodily injury to any person related to and residing in the same household with the operator of the van is not covered.

On December 3, 1993, American filed a complaint for declaratory relief with this Court. American seeks a declaration that: (1) the Policy provides no coverage for Dorothy for her claims against Antonya arising

out of the accident on December 19, 1991; (2) American has no obligation to defend or assist in defending Antonya against Dorothy's claims arising out of the accident of December 19, 1991; and (3) that American has no obligation to pay or satisfy any part of any judgment that may be rendered in favor of Dorothy and against Antonya for Dorothy's injuries arising out of the accident on December 19, 1991.

On June 1, 1993, American filed its motion for summary judgment. According to American, pursuant to the provisions of the Policy and Indiana law, American is entitled to judgment as a matter of law. On August 2, 1993, Dorothy filed her response to American's motion. Dorothy argues that summary judgment is improper because Kansas law applies to the parties' dispute. American filed its reply on August 17, 1993.

## II. SUMMARY JUDGMENT STANDARDS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Although a party bringing a motion for summary judgment must demonstrate that there is no genuine issue of fact for trial, if that burden is met, the party opposing the motion must come forward with evidence of a genuine factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Mere conclusory assertions, whether made in pleadings or affidavits, are not sufficient to defeat a proper motion for summary judgment. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1011 (7th Cir.1985).

An issue is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, the disputed fact must be outcome determinative. *See Hoss-*

*man v. Spradlin,* 812 F.2d 1019, 1020–21 (7th Cir.1987). The Court's inquiry asks whether a reasonable fact finder could find by a preponderance of the evidence that the plaintiff is entitled to judgment. *Doe v. Allied–Signal, Inc.,* 925 F.2d 1007, 1008 (7th Cir.1991).

The substantive law identifies which facts are considered material. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment; irrelevant or unnecessary disputes will not. *Id.*

If a motion for summary judgment is made and properly supported, an adverse party may not rest on the mere allegations or denials in its pleadings. Fed.R.Civ.P. 56. An adverse party must set forth specific facts, supported by affidavits or other evidentiary material allowed under Rule 56, showing that a genuine issue exists. *Id.* If the adverse party fails to make such a response, summary judgment, if proper, shall be entered. *Id.; Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 332 (7th Cir.1993).

Since the Supreme Court's trilogy of decisions on summary judgment, *see Celotex Corp.,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Anderson,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202; and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), it is clear that entry of summary judgment is mandatory where the requirements of Rule 56 are met. *See Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989); *Spellman v. Commissioner,* 845 F.2d 148, 152 (7th Cir.1988).

This district has established a procedure for parties to follow in supporting or opposing a motion for summary judgment. Pursuant to S.D.Ind.LR 56.1, the movant shall include in its brief, or in an appendix to its brief, a statement of material facts that it contends there is no genuine issue. The movant must support its statement with appropriate citations to evidentiary materials. *Id.* The movant is also required to file, as separate documents, proposed findings of fact and conclusions of law, and a proposed summary judgment. *Id.* Any nonmovant

who opposes the motion for summary judgment is required to file within fifteen days from the filing date of the summary judgment motion a brief in support of its opposition and any evidentiary materials controverting the movant's position. *Id.* In its brief, or in an appendix to its brief, the opposing nonmovant is required to include a statement of genuine issues setting forth all material facts over which it contends a genuine issue exists. *Id.* The nonmovant's statement must be supported by appropriate citations to evidentiary materials. *Id.* If the nonmovant fails to controvert the movant's statement of material facts that exist without genuine issue by filing a statement of genuine issues, "the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." *Id.* The purpose of LR 56.1 is for the parties to give notice of the factual support for their respective arguments. *Mirocha v. TRW Inc.,* 805 F.Supp. 663, 675 (S.D.Ind.1992).

### III. DISCUSSION

This Court has subject matter jurisdiction over this case because the matter in controversy exceeds the sum or value of $50,000.00 and is between citizens of different states. 28 U.S.C. § 1332 (diversity jurisdiction). This Court has the authority to grant American the declaratory relief it seeks pursuant to 28 U.S.C. § 2201.

### A. CHOICE OF LAW

■ The first issue to be addressed is what state's law controls the parties' dispute. As a rule, a court in a diversity case must apply the substantive law of the forum in which it sits, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), including that pertaining to choice of law, *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941), so this Court will apply Indiana's choice of law rules in making its determination of which state's law governs each claim.

■ Indiana has developed two sets of rules for making choice of law decisions. First, in contract actions, Indiana's choice of law rules require that the law of the state with the most significant contacts to the subject matter of the litigation be applied. *W.H. Barber Co. v. Hughes,* 223 Ind. 570, 585, 63 N.E.2d 417, 423 (1945); *Travelers Ins. Co. v. Rogers,* 579 N.E.2d 1328, 1330–31 (Ind.Ct. App.1991); *Dohm & Nelke v. Wilson Foods Corp.,* 531 N.E.2d 512, 513 (Ind.Ct.App.1988). In considering which state has the most significant contacts, the parties' acts touching the transaction in relation to the several states involved are evaluated, including the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, place of incorporation or place of business of the parties. *Eby v. York–Division, Borg–Warner,* 455 N.E.2d 623, 626 (Ind.Ct.App. 1983).

■ The second set of rules pertains to tort-based claims and specifies a three-step process for determining which state's law will control. *Castelli v. Steele,* 700 F.Supp. 449, 452 (S.D.Ind.1988). At the first step, the trial court asks where the last event necessary to give rise to liability occurred, which event is typically the plaintiff's alleged injury. *Id.; see Hubbard Mfg. Co. v. Greeson,* 515 N.E.2d 1071, 1073 (Ind.1987). This is the traditional *Lex loci delicti commissi* rule. *Hubbard,* 515 N.E.2d at 1073. At the second step, in order to ensure that anomalous results do not occur by applying the law of a state that has only an insignificant contact to the cause of action, the trial court asks whether the place of the last event bears little connection to the legal action. *Castelli,* 700 F.Supp. at 452. If the place of the last event has a sufficient connection to the legal action, that state's law applies and the inquiry is concluded. *Id.* If, however, the place of the last event has an insufficient connection, the court moves to step three and considers the place where the conduct causing the injury occurred, the residence or place of business of the parties, and the place where the relationship is centered; each factor's relative importance to the particular issue being litigated is evaluated. *Id.* at 452–53.

■ The parties dispute which set of Indiana's choice of law rules to apply. Doro-

thy argues that Kansas law should be applied based on application of Indiana's choice of law rules for tort actions. American argues that Indiana law should be applied based on application of Indiana's choice of law rules for contract actions. Because this action asks the court to determine the scope of an automobile insurance policy's coverage, Indiana's choice of law rules for contract actions apply. *See Rogers,* 579 N.E.2d at 1330; *Snow v. Bayne,* 449 N.E.2d 296, 298 (Ind.Ct.App.1983).

An application Indiana's choice of law rules for contract actions results in this court applying Indiana law to the parties' dispute. The place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, place of incorporation or place of business of the parties all point to either Wisconsin or Indiana. None of the relevant factors support applying the law of Kansas, and neither party has argued that this Court should apply the law of Wisconsin.

### B. SCOPE OF INSURANCE COVERAGE UNDER INDIANA LAW

■ The Policy excludes from coverage "bodily injury to any person injured while operating [the] insured car or for bodily injury to any person related to and residing in the same household as the operator." Policy at 8 (exclusion ten). This exclusion is valid in Indiana. *See, e.g., Transamerica Ins. Co. v. Henry,* 563 N.E.2d 1265, 1269 (Ind.1990). Dorothy admits in her brief that as a result of applying this exclusion to the undisputed facts in this case, American is entitled to the declaratory relief it seeks as a matter of law. Def.'s Br. in Opp'n to Plt.'s Mot. for Summ.J. at 10.

### IV. SUMMARY & CONCLUSION

There are no genuine issues of material fact and American is entitled to judgment as a matter of law. Accordingly, American is entitled to a declaratory judgment that:

(1) the Policy provides no coverage for Dorothy for her claims against Antonya arising out of the accident on December 19, 1991;

(2) American has no obligation to defend or assist in defendant Antonya against Dorothy's claims arising out of the accident of December 19, 1991; and

(3) that American has no obligation to pay or satisfy any part of any judgment that may be rendered in favor of Dorothy and against Antonya for Dorothy's injuries arising out of the accident on December 19, 1991.

IT IS SO ORDERED.