Andrew COX, a Minor, by Natural Mother and Legal Guardian, Karlene J. ZICK, and Karlene J. Zick, Individually, Appellants–Plaintiffs,

v.

Donald E. NICHOLS and Allstate Insurance Company, Appellees–Defendants.

No. 71A03–9612–CV–430.

Court of Appeals of Indiana.

Jan. 26, 1998.

Rehearing Denied April 1, 1998.

---

Daniel H. Pfeifer, Jeffrey J. Stesiak, Sweeney, Pfeifer & Morgan, South Bend, for Appellants-Plaintiffs.

Robert J. Konopa, Sean E. Kenyon, Konopa & Murphy, P.C., South Bend, for Appellees-Defendants.

## OPINION

HOFFMAN, Judge.

Plaintiff-appellants Andrew Cox and his mother, Karlene J. Zick, appeal the trial court's ruling on summary judgment that their lawsuit for damages sustained in an automobile collision should be determined under Michigan law. The facts relevant to the appeal are recited below.

In December 1993, Cox and Zick filed their complaint alleging that in June 1993 defendant-appellant Donald E. Nichols, an uninsured motorist, negligently operated his vehicle which struck Zick's car. The plaintiffs filed suit after requesting payment under the uninsured motorist provision of Zick's policy with Allstate. The complaint alleged that Cox and Zick sustained personal injuries.

The collision occurred in Indiana. Cox and Zick are Michigan residents. The contract for insurance was entered into in Michigan, refers to Michigan law, and certain provisions are aimed at compliance with Michigan law. Allstate, Zick's insurer, contended that the plaintiffs' claims against Allstate are governed by Michigan law which would foreclose recovery of non-economic damages because they failed to meet Michigan's threshold injury requirement.

In October 1995, the trial court granted Allstate's motion for partial summary judgment, finding that Michigan law would apply. In May 1996, Allstate moved for summary judgment asserting no genuine issue of material fact as to whether the plaintiffs meet the threshold injury requirement under Michigan's No–Fault Insurance Act. The trial court granted summary judgment in August 1996. This appeal ensued.

One issue is presented for appeal: whether the trial court erred in determining that the Michigan law should apply to plaintiffs' claims.

In reviewing a motion for summary judgment, this Court liberally construes all designated evidentiary matter in favor of the non-moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. However, summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Brockmeyer v. Fort Wayne Public Transp.*, 614 N.E.2d 605, 606 (Ind.Ct.App.1993). Here, the summary judgment is based upon a matter of law.

The parties contend that at the heart of the controversy is whether the choice of law hinges upon examination of the matter under a contract analysis, or whether the claims are essentially in tort because they arise from the alleged negligent conduct by Nichols. Allstate contends that because the plaintiffs' claims against Allstate arise through the contract provision for uninsured motorist coverage, the contract analysis applies.

In determining the correct choice of law in an action which involved the underinsured coverage provisions of an insurance contract, this Court in *Pennington v. American Family Ins. Group*, 626 N.E.2d 461, 464–465 (Ind. Ct.App.1993) looked to the provisions of the contract and the "most intimate contacts" rule to ascertain which law governs. The contract in *Pennington* contained an "out-of-state" clause in a section separate from the underinsured motorists provisions. Noting that a reviewing court may not make a new contract for the parties and that where terms are clear we merely apply those terms, this Court held that the out-of-state clause found in the liability section applied only to that section and not to the underinsured motorists provisions. *Id.* at 464–465.

Here, the insurance contract is divided into three distinct sections and a "GENERAL CONDITIONS" provision. The references to the Michigan code do not appear in "SECTION II PROTECTION AGAINST BODILY INJURY BY UNINSURED AUTOMOBILES." Further, the general provisions section, does not refer to Michigan law or choice of law determinations. Section II of Zick's policy, regarding uninsured motorists coverage, provides:

> Allstate will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile[.] . . .

The plaintiffs direct our attention to the above provision to note that if Michigan law was intended to apply to the uninsured motorists provision, the provision would have so stated rather than using the "legally entitled to recover" language and to urge that, pursuant to the contract, they are entitled to the recovery allowed in Indiana.

■ This Court may not engraft provisions onto a contract which plainly are not intended. Because repeated references to Michigan's code are made in Section I, Allstate could have placed such references in Section II regarding uninsured motorists.[1] In sharp contrast to Section I, the uninsured motorists section is not premised on Michigan law. Thus, the references to Michigan law are inapplicable to the uninsured motorists section. Because the choice of law cannot be determined solely by looking to the contract, it still must be determined whether Michigan or Indiana law is appropriate.

■ In a contract matter, the choice of law is examined through the "most intimate contacts" rule. See *Pennington*, 626 N.E.2d at 465. Traditionally, Indiana determined conflict of laws in tort cases through the doctrine of *lex loci delicti*—the law of the place where the injury occurred. *Matter of Estate of Bruck*, 632 N.E.2d 745, 747 (Ind.Ct.App. 1994). Then, our Supreme Court adopted a modified version of the "significant relationship" test in *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind.1987). *Id.* In substance, *Hubbard* determined that *lex loci delicti* would be the first rule to consider, "but in those instances where the place of the tort bears little connection to the legal action" other factors could be considered, such as:

1) the place where the conduct causing the injury occurred;

2) the residence of place of business of the parties; and

3) the place where the relationship is centered.

*Id.*, quoting *Hubbard*, 515 N.E.2d at 1073.

The contract examination reveals: the conduct which caused the injury occurred in Indiana; the alleged tortfeasor is a resident of Indiana, the plaintiffs are residents of Michigan; the place where Allstate and the plaintiffs' relationship is centered is Michigan. However, the collision is not insignificant, and the alleged tortfeasor, Nichols, is a resident of Indiana. The factors weigh in favor of employing Indiana law.

■ The tort analysis presumes that the location of the injury is the proper choice-of-law forum unless the place of the injury is insignificant. Such cannot be said here.

The factors under either the contract or the tort analysis favor Indiana substantive law. The summary judgment is reversed

1. The parties touch upon public policy concerns posed by a contract which restricts an injured party's ability to recover damages. In *Pennington*, this Court noted that "an unambiguous policy must be enforced according to its terms, even those terms which limit the insurer's liability." *Pennington*, 626 N.E.2d at 464. However, the contract does not explicitly state that Michigan law prohibits recovery for non-economic damages unless a threshold injury is incurred; instead, Section I states that the contract provisions are subject to Chapter 31 of the Michigan Insurance Code. Because the focus of this appeal is the substantive law to be applied, the parties do not argue the merits of the law as applied to the contract.

and the cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

KIRSCH, J., concurs.

STATON, J., concurs with separate opinion.

STATON, Judge, concurring.

I concur with the Majority but for a different reason. The contract has numerous references to Michigan law, but these references are to standards and benchmarks as to coverage. There is no choice of law provision in the contract. Mere references to various provisions of a state law in a contract to shed meaning on particular provisions of the contract are no substitute for a choice of law provision. Too, under the circumstances, any interpretation of the contract must be strictly construed against the party preparing the contract. *Noblesville Milling Co. v. Johnson,* 116 Ind.App. 437, 65 N.E.2d 250, 255 (1946).