205 F.3d 335 (7th Cir. 2000)
 PATRICIA JUDGE and THOMAS JUDGE, Heirs of DAVID M. JUDGE, Plaintiffs-Appellants,
v.
PILOT OIL CORPORATION, INDUSTRIAL SECURITY MANAGEMENT, doing business as ISM, INCORPORATED, and QUENTIN E. POPS, Defendants-Appellees.
 No. 98-3369
 In the United States Court of Appeals For the Seventh Circuit
 Argued January 6, 2000
Decided February 28, 2000
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. No. 97 C 109--Rudy Lozano, Judge.
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 COFFEY, Circuit Judge.
 
 
 1
 On March 12, 1995, Quentin E. Pops, a security guard employed by Industrial Security Management (ISM), allegedly shot and killed David Judge at a Gary, Indiana, truck stop. After the fatal attack, David's parents, Patricia and Thomas, filed a wrongful death claim against Pilot Oil, ISM, and Quentin E. Pops arguing that, under Indiana's choice-of- law rules, Utah law should control the issue of damages because: 1) their son was a resident and citizen of Utah; 2) David was employed by a Utah corporation; and 3) Utah permitted the recovery of additional damages. The district court disagreed and concluded that, under Indiana law, the plaintiffs would be unable to recover the $75,000 minimum required for diversity jurisdiction.[1] Consequently, the judge dismissed the case for lack of subject matter jurisdiction. We affirm.
 
 I. BACKGROUND
 
 2
 The following facts are undisputed for the purposes of this appeal. David Judge, a resident of the state of Utah, was a truck driver working for Dick Simon Trucking, a Utah corporation with its principal place of business in Salt Lake City, Utah. While driving a shipment from Utah to Ohio, David stopped to re-fuel at the Pilot Oil truck stop in the City of Gary, Indiana.
 
 
 3
 Pilot Oil is a Tennessee corporation doing business in a number of states including Indiana. Pilot Oil hired ISM, an Indiana corporation, to provide security at its Gary, Indiana, truck stop. Quentin E. Pops, an Indiana resident, was a security guard employed by ISM. Thomas Querin, a witness to the fatal shooting, told the Gary Police Department that when David stopped at the Pilot Oil truck stop, Pops confronted David for improper parking, and, in the process, pulled out his handgun and shot David in the face.[2] After David's death, his mother, Patricia, a resident of Florida, and his father, Thomas, a resident of Massachusetts, filed this wrongful death action in federal court, claiming that Pilot Oil and ISM failed to exercise reasonable care in the hiring or training of its security guards, including Pops.
 
 
 4
 On February 5, 1998, the defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that, under Indiana's choice-of-law rules, the fact that David lived in Utah, worked for a Utah company, and Utah law allowed the plaintiffs to recover more money was irrelevant to the choice-of-law analysis because Indiana requires that a court first determine whether Indiana has "significant contacts" with the tort. The defendants further argued that because all the events "significant" to the resolution of the case occurred in Indiana, Indiana law should apply. The judge agreed and dismissed the case for lack of subject matter jurisdiction. The plaintiffs-appellants appeal, arguing that the district court improperly interpreted Indiana's choice-of-law rules.
 
 II. ANALYSIS
 
 5
 Until 1987, Indiana followed the lex loci rule in determining which substantive law to apply in tort cases where the choice-of-law question arose. Under the doctrine of lex loci, the tort was said to have been committed in the state where the last event necessary to make the actor liable for the alleged wrong occurred. See Maroon v. State Department of Mental Health, 411 N.E.2d 404 (Ind. App. 1980). For example, under the doctrine of lex loci the fact that David was shot in Indiana (the last act necessary to make the defendants liable) would mandate that Indiana law be applied. The lex loci doctrine, however, was slightly modified in Hubbard Manufacturing Co., Inc. v. Greeson, 515 N.E.2d 1071 (Ind. 1987).
 
 
 6
 In Hubbard, the Indiana Supreme Court stated, "[c]hoice-of-law rules are fundamentally judge-made and designed to ensure the appropriate substantive law applies. In a large number of cases, the place of the tort will be significant and the place with the most contacts. . . . In such cases, the traditional rule [lex loci] serves well." Id. at 1073 (emphasis added); see also Cox v. Nichols, 690 N.E.2d 750, 752 (Ind. Ct. App. 1998).[3] In the present case it cannot be said that the place of the injury is insignificant.
 
 
 7
 David Judge was shot and killed in Gary, Indiana. Therefore, the last (and only) event making the defendants liable would have occurred in the state of Indiana. This fact bears heavily on Indiana's choice-of-law rules, see Cox, 690 N.E.2d at 752; Tompkins v. Isbell, 543 N.E.2d 680, 681-82 (Ind. App. 1989), and the fact that David Judge was a resident of Utah and worked for a Utah company is irrelevant to the outcome of this case; the tragic events of this case would still have transpired if David had been from any other state in the nation or worked for a different company.
 
 
 8
 The facts of this wrongful death case demonstrate that the last act necessary to make the defendant liable, the shooting of David, took place in Indiana. Furthermore, the parties' conduct in Indiana that resulted in David's death will be the key element to determine if the defendants should be held accountable for David's death. The conduct of Pops and David will be governed by Indiana law; if there is any justification for Pops shooting David, it will be determined under Indiana law. With all this, Indiana, the place of injury, cannot be said to be insignificant. Consequently, we are of the opinion that the trial court correctly determined that, in this case, the place of the tort has extensive connection with the legal action, and thus, the doctrine of lex loci retains vitality.
 
 
 9
 The dismissal of the plaintiffs' case for lack of subject matter jurisdiction is
 
 
 10
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Both parties agree that if this court determines that Indiana law applies, the plaintiffs would be unable to recover the $75,000 required for diversity jurisdiction and, consequently, that the district court properly dismissed the case for lack of subject matter jurisdiction. The plaintiffs would be unable to recover $75,000 because, unlike Utah, Indiana's wrongful death statute does not allow the parents of a deceased adult child to recover for either loss of love and affection or economic loss. See Chamberlain v. Parks, 692 N.E.2d 1380, 1382-84 (Ind. Ct. App. 1998).
 
 
 [2]
 The record does not reflect how an incident of improper parking escalated into a fatal shooting.
 
 
 [3]
 The Hubbard court went on to discuss the appropriate analysis if the place of the tort was insignificant. The Indiana Supreme Court, however, was clear in that if the place of the tort was not insignificant there was no need to apply the second prong of the choice-of-law analysis. See Hubbard, 515 N.E.2d at 1073; Cox, 690 N.E.2d at 752; Bencor Corp. v. Harris, 534 N.E.2d 271, 273 (Ind. App. 1989); see also Jean v. Dugan, 20 F.3d 255, 261 (7th Cir. 1994). Because we are of the opinion that the place of the tort, Indiana, is not insignificant, we do not discuss the second prong in Indiana's choice- of-law analysis.